■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LAVERE HENRY FOX, JR., Appellant.— Appeal by the defendant from a judgment of conviction, rendered March 29, 1971 in Madison County, upon a jury verdict of guilty of two counts of burglary third degree and two counts of grand larceny in the third degree. The defendant was separately indicted for having participated in two burglaries of separate establishments in the early morning hours of January 26, 1971. One indictment as amplified by a bill of particulars charged the defendant and Glen Coonrod with having entered a garage and stealing personal property between 2:30 A.M. and 3:00 A.M. The second indictment and bill of particulars charged that at about 3:30 A.M. the defendant, together with Glen Coonrod, John Skinner and Carl Coonrod entered a restaurant building and stole certain personal property. On March 15, 1971 the respondent moved

for a consolidation of the two indictments and the court granted the motion over objections of the defendant. The respondent contended that the proof in both cases was interrelated and that the crimes occurred closely in time. The defendant contended that there was no allegation that the two crimes were part of an overall conspiracy and that joinder would be prejudicial. The defendant pointed out that as to one burglary there were several accomplices and as to the other burglary there was one accomplice. The accomplice, Glen Coonrod, testified that the defendant and he left Coonrod's house at about 11:00 or 11:30 P.M., and that at about 2:30 A.M. they broke into a garage and along with other property, stole three radiators which they left at Coonrod's brother's house. He further testified that after eating at his house at about 6:00 A.M. he, the defendant, Eugene Joslyn (Kirk) and his brother, Carl Coonrod, retrieved the radiators and sold them to David Nathan. Eugene Joslyn (Kirk), who was an accomplice in the restaurant burglary but was not as to the garage burglary, testified that on the morning in question he, the defendant, and Carl Coonrod, and Jack Skinner ate at Glen Coonrod's place after which the four of them went to Carl Coonrod's place where they got some radiators which they took to Dave Nathan's place. They sold the radiators to Nathan. David Nathan testified that on the morning of January 26, 1971 Eugene Joslyn (Kirk) and three other fellows came to him, one being named Coonrod, and sold him three radiators. He did not positively identify the defendant as being present but was sure there were four boys and "pretty sure" the defendant was one. The radiators he purchased and turned over to the police were positively identified as the ones stolen in the garage burglary. The testimony of Eugene Joslyn (Kirk) as to the identification of the defendant as a participant in the disposition of the stolen property and the testimony of Nathan is sufficient to independently tend to establish that the defendant was connected with the burglary of the garage and corroborate the testimony of Glen Coonrod as an accomplice. (See Code Crim. Pro., § 399; CPL 60.22, subd. 1; *People* v. *Holmes,* 36 A D 2d 782; *People* v. *Brown,* 30 A D 2d 279, 281, 282.) As to the conviction of burglary and larceny of Gala's Restaurant, it was established by independent evidence that at about 11:30 P.M. on January 25, 1971 the defendant and Glen Coonrod were together and that at 6:00 A.M. on the following morning, the defendant, Glen Coonrod, Carl Coonrod and Eugene Joslyn (Kirk) were together at the place where Glen Coonrod was residing. As noted hereinabove, the story of Glen Coonrod was corroborated as to the garage burglary and, accordingly, the jury could find that the defendant and Coonrod were together in the early morning hours of January 26 at about 2:30 A.M. These facts of association are the sole independent evidence in the record which could corroborate the stories of breaking into the restaurant and taking property on the part of the defendant. The record does apparently establish that the safe stolen from the restaurant was found in the area where the accomplices testified that they left the same. Assuming that that would sufficiently corroborate the confession of the accomplices for their own conviction, it does not appear that the record contains probative evidence which would independently tend to connect the defendant with the restaurant incident and this conviction should be reversed. The defendant moved, prior to submitting the case to the jury, to dismiss the indictment in relation to the restaurant burglary and, upon review of the record, the motion should have been granted. Judgment modified, on the law and the facts, by reversing the conviction for burglary in the third degree and grand larceny in the third degree under indictment No. F-9277 (Gala's Restaurant), and dismissing that indictment, and, as so modified, affirmed. Herlihy, P. J., Greenblott, Cooke, Sweeney and Simons, JJ., concur.