■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIANE M. HORTON, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL W. HORTON, Appellant.—Appeals from a judgment of the County Court of St. Lawrence County, rendered May 19, 1977, convicting defendants of the crimes of burglary in the third degree, and petit larceny. Defendants

and Glenn Sanford were indicted in September, 1976 for burglary in the third degree, and for grand larceny in the third degree, alleging that, on August 1, 1976, they unlawfully entered the residence of John S. Langtry, Jr., and stole a safe and currency of the United States. The County Court, by order dated December 21, 1976, reduced the count for grand larceny in the third degree to petit larceny. Before trial, the codefendant, Glenn Sanford, pleaded guilty, and was sentenced to a conditional discharge. At the trial, Teresa Sanford and Glenn Sanford testified that, on the night of August 1, 1976, they, together with the Hortons, entered and burglarized the residence of John Langtry, Jr., and removed therefrom a small safe and piggy bank. They said that the safe was placed in Diane Horton's automobile, and that all four individuals entered the automobile and proceeded some distance where the safe was broken into, and the safe was thrown down a dry well. The pieces of the piggy bank were scattered alongside the road leading from the place where the safe was opened. The contents taken from the safe and piggy bank were divided among the four people. The Sanfords testified that they then proceeded to the Horton home in Ogdensburg where the Hortons left the Sanfords. Teresa Sanford then drove Mrs. Horton's automobile back to the trailer where she resided on the Langtry farm on a road about 1,000 feet from the Langtry residence. John Langtry, Jr., testified that, on August 2, 1976, he discovered the removal of the safe and the piggy bank, and he identified photographs of the safe and a piece of the piggy bank introduced as exhibits. He also testified that he observed the automobile belonging to "one of the Hortons" at the Sanford trailer on the morning of August 2, 1976, and that it was frequently parked there. BCI Investigator Joseph Fadden testified that at Glenn Sanford's direction he went to the well where the safe had been left and recovered the stolen safe and pieces of the stolen piggy bank. The defendants did not testify. The court charged that Teresa and Glenn Sanford were accomplices as a matter of law, and that if the jury found that the testimony of the Sanfords should be disregarded, the verdict as to the Hortons must be not guilty. The People argue that the testimony of the Sanfords is sufficiently corroborated by the testimony of Inspector Fadden as to the recovery of the safe and pieces of the piggy bank at the place where both accomplices testified they were abandoned, and the weight of the safe which was heavier than they could handle between them. In addition, the People claim that the observation of the Horton automobile at the Sanford trailer by John Langtry on the morning after the burglary corroborated Teresa Sanford's testimony that she had driven it there the night before after the crimes had been committed. Defendants moved to dismiss the charges against them at the end of the People's case, and at the end of all the evidence. They contend that, as a matter of law, there was insufficient corroboration of the accomplices' testimony. We agree. CPL 60.22 provides as follows: "Rules of evidence; corroboration of accomplice testimony. 1. A defendant may not be convicted of any offense upon the testimony of an accomplice unsupported by corroborative evidence tending to connect the defendant with the commission of such offense." While here it appears that the independent evidence tends to establish the veracity of the accomplices' statements, it does not independently tend to connect the defendants with participation in the incident. In *People v Fox* (38 AD2d 767), our court, in a similar situation, stated (p 768): "The record does apparently establish that the safe stolen from the restaurant was found in the area where the accomplices testified they left the same. Assuming that that would sufficiently corroborate the confessions of the accomplices for their own conviction, it does not appear the record

contains probative evidence which would independently tend to connect the defendant with the restaurant incident and this conviction should be reversed." The observation of Diane Horton's vehicle at the Sanford residence, some 10 or 12 hours after the commission of the crime, is too remote in time to connect defendant with the commission of the crime. There is nothing in the record to place either of the defendants at the scene of the crime at the time of its commission other than the testimony of the accomplices. We find no independent evidence that establishes that the Sanfords were telling the truth when they identified the defendants as participants in these crimes *(People v Wasserman,* 46 AD2d 915). Judgment reversed, on the law, as to each defendant and the indictment is dismissed. Greenblott, J. P., Sweeney, Staley, Jr., Main and Mikoll, JJ., concur.