■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON CEPEDA, Appellant.—Judgment, Supreme Court, Bronx County, rendered February 19, 1976, unanimously affirmed. We affirm but would note that we

view it as error to have admitted in evidence the testimony of the witness Rivera that the unapprehended codefendant, Millian, immediately after the homicide, returned to the automobile with defendant and stated to the four occupants, of which Rivera was one, that "we just shot a colored guy". Quite obviously, and the People do not so contend, the statement does not qualify as part of the *res gestae.* The People seek to justify the admission of this evidence as a declaration against penal interest. *(People v Brown,* 26 NY2d 88.) In *Brown,* the statement, the admissibility of which the Court of Appeals sanctioned as an extension of the declaration against interest rule, was evidence sought to be used by the defendant in exoneration. No issue of the defendant's right of confrontation was involved. Here, the statement was used on the People's case to incriminate. Had the declarant, the codefendant Millian, been on trial with defendant the use of that statement in the form it was admitted would, we believe, have presented *Bruton* problems *(Bruton v United States,* 391 US 123), which indicates to us that we should not extend the declaration against penal interest exception to the hearsay rule in the circumstances presented here. We do not view defendant's right of confrontation to be any the less because his codefendant is not on trial. Nor do we read *People v Harding* (37 NY2d 130) as holding to the contrary. Finally, on this record, we reject the notion that defendant's failure to respond to Millian's remark constituted an admission by silence. On all of the evidence, however, we conclude that the admission of Millian's statement was harmless beyond a reasonable doubt. *(People v Crimmins,* 36 NY2d 230.) Concur—Evans, Lynch, Sandler and Sullivan, JJ.; Silverman, J. P., concurs in the result in the following memorandum: I agree that the conviction should be affirmed and that if there was error on the admission of evidence at the trial, it was harmless. However, I do not believe that the admission of the accomplice Millian's statement was error. The statement was admissible as a declaration against penal interest. *(People v Brown,* 26 NY2d 88.) It was a statement which involved the accomplice as well as defendant in the crime. The statement in essence was that the accomplice assisted defendant who pulled the trigger. The declarant being unapprehended was of course unavailable. Thus the requirements for admissibility of a declaration against interest were met. It is true that *People v Brown (supra),* involved a statement exculpatory of the defendant. But there is no suggestion in the case that admissibility depends on whether the statement is exculpatory. Normally declarations against interest are admissible against either party. (Cf. Richardson, Evidence [10th ed], § 265, p 232.) And in general, the rules of evidence are the same in criminal cases as in civil. (CPL 60.10.) The decision in *People v Brown (supra),* broadening the admissibility of declarations against interest to include declarations against penal interest merely removed some unjustifiable limitations on the admissibility of a class of evidence which had long been admissible without regard to which side offered. it. Although the Court of Appeals has not passed on the precise point, the three Judges who have, in an opinion which fully explores the subject, expressed themselves on the point, have stated their view that a declaration against penal interest may be received to incriminate the defendant. *(People v Harding,* 37 NY2d 130, 135 [concurring opn of Cooke, J.].) Curiously, the Federal Rules of Evidence do distinguish as to admissibility of declarations against penal interest between those which are exculpatory and those which are not. But the distinction made is to impose more restrictions on the exculpatory statement than on the nonexculpatory. "A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circum-

stances clearly indicate the trustworthiness of the statement." (Federal Rules of Evidence, rule 804, subd [b], par [3]; US Code, tit 28, Appendix.) I suspect indeed that the Federal rule accords with the experience of many criminal trial Judges that if there is a difference between reliability of the exculpatory and the nonexculpatory declaration against penal interest by an unavailable declarant, the exculpatory is frequently the less reliable. The statement was also admissible as an admission by silence. *(People v Allen,* 300 NY 222.) The statement was made in a car in which there were four occupants of whom the defendant was one. The occupants were all his friends. If the statement was untrue, the defendant would naturally have said to the contrary. It has long been recognized as a basic principle of the law of evidence that "unless excluded by some rule or principle of law, all that is logically probative is admissible." (Thayer, A Preliminary Treatise on Evidence at the Common Law [1898], p 265; cf. Federal Rules of Evidence, rule 402: "All relevant evidence is admissible, except".) And precisely with respect to an inculpatory out-of-court statement, the Court of Appeals said: "it is observed that this court has in recent years emphasized that the hearsay doctrine has been too restrictively applied to exclude otherwise reliable evidence from the jury (see, e.g., *People v. Brown,* 26 N Y 2d 88)." *(People v Arnold,* 34 NY2d 548, 549.) My colleagues express some concern that the admission of this evidence may violate the defendant's constitutional right of confrontation under the Sixth Amendment. But the right of confrontation is not "a codification of the rules of hearsay and their exceptions as they existed historically at common law. Our decisions have never established such a congruence". *(Dutton v Evans,* 400 US 74, 81-82.) Accordingly, the court in *Dutton* held that the confrontation clause was not violated by the receipt in evidence in a State criminal prosecution of an out-of-court statement by an accomplice which incriminated the defendant and which would not be admissible in a Federal criminal trial. Nor do I think that *Bruton v United States* (391 US 123) is relevant here. *Bruton* considers the case of a joint trial of two defendants where a statement admissible against one defendant implicates both defendants. In those circumstances, if it is not possible to redact the statement so as not to implicate the defendant against whom the statement is not admissible, the statement should not be received in evidence. But if I am right, we are here dealing with a statement which is admissible against the defendant who is on trial.