■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LYNWOOD M. Ross, Appellant.—Appeal from a judgment of the County Court of Tompkins County, rendered October 28, 1977, upon a verdict convicting the defendant of the crimes of burglary in the first degree and robbery in the first degree. Defendant's conviction rests largely upon the testimony of an accomplice and on this appeal the major issue raised by defendant is whether there is sufficient independent corroborative evidence tending to connect defendant with the crimes as required by CPL 60.22. In our view, there is such evidence. Leland Jones testified that he met Larry Barnes, Roy Dowds and the defendant at the home of Barnes' girl friend at about midnight on the morning of January 15, 1976 and, following Barnes' directions, the four men proceeded to a two-family house on Ferris Place in the City of Ithaca where they gained entry through the front door. According to Jones, he remained in the downstairs apartment disconnecting stereo equipment while the other three men went upstairs. Jones further testified that Dowds returned shortly thereafter and that together they picked up the stereo equipment and took it to their car. The victims, Mr. and Mrs. Solomon, testified that they awakened around midnight to see three Black men standing in their bedroom doorway and that two of the men assaulted Mr. Solomon. They were both able to identify Barnes as one of the assailants, but were unable to identify or describe the other. After looting the apartment, Barnes raped

Mrs. Solomon while the other assailant sodomized her. On direct examination, Mary Christina Hagood testified that during the evening of January 14, 1976 she saw Rudolph Dowds, Roy Dowds' brother, at Diane Nelson's apartment and that defendant, who was introduced to her by Rudolph Dowds, was also there. She testified that in addition to Rudolph Dowds and defendant, Roy Dowds, Kim Hagood and Diane Nelson were present and that they all sat around for several hours drinking beer and listening to records. She explained that sometime around 11 or 12 o'clock all but Kim Hagood left the apartment and drove to Ithaca where she got out with Rudolph Dowds, while Roy Dowds and defendant got out and walked away together. CPL 60.22 requires that the testimony of an accomplice be supported by evidence tending to connect the defendant with the commission of the crime. The required evidence may be direct or circumstantial *(People v Goldfeld,* 60 AD2d 1, 6; *People v Kampshoff,* 53 AD2d 325, cert den 433 US 911), but it must do more than merely establish the veracity of the accomplice's narrative *(People v Kohut,* 30 NY2d 183, 193; *People v Horton,* 61 AD2d 1082). On the other hand, it is not necessary to exclude to a moral certainty every hypothesis but that of wrongdoing, but rather, all that is required is to connect the defendant with the crime in such a way that the jury may be reasonably satisfied that the accomplice is telling the truth *(People v Daniels,* 37 NY2d 624, 630; *People v Arce,* 42 NY2d 179, 186). As explained by the Court of Appeals, the purpose of the rule "is to be sure that the facts, even matters which in themselves may be of 'seeming indifference', 'so harmonize with the accomplice's narrative as to have a tendency to furnish the necessary connection between the defendant and the crime' " *(People v Daniels, supra,* p 629, quoting from *People v Morhouse,* 21 NY2d 66, 74 and *People v Dixon,* 231 NY 111, 116). Whether there is sufficient corroborating evidence to go to the jury is a question of law for the court; whether the testimony of the accomplice is sufficiently corroborated is one of fact for the jury *(People v Fiore,* 12 NY2d 188, 201-202; *People v Goldfeld, supra,* p 5). Here, the testimony of Mary Christina Hagood, elicited on direct examination, places defendant in the presence of an accomplice shortly before the commission of the crime. In our view, such independent circumstantial evidence is sufficient to allow the question of corroboration to go to the jury (see *People v Chamberlain,* 38 AD2d 306, 310 and *People v Brown,* 30 AD2d 279, 281, citing *People v Kress,* 284 NY 452 and *People v Laman,* 273 App Div 377, affd 298 NY 462). Ms. Hagood's admissions on cross-examination that she could not, at the time of the trial, identify the defendant as the man she met on the evening of January 14, 1976 and that she remembered his name only after it was suggested to her by the District Attorney did not render the evidence insufficient as a matter of law, but rather, created a question of credibility for the jury.* Next, we reject defendant's contention that testimony that the person at Ms. Nelson's apartment on January 14, 1976 was introduced as Lynwood Ross was inadmissible hearsay. Silence, when one would naturally be expected to deny a statement made in his presence, is a tacit admission of the truth of the statement, rendering it admissible (Richardson, Evidence [10th ed], § 222, p 197; see *People v Allen,* 300 NY 222, 225; *People v Cepeda,* 61 AD2d 962, Silverman, J. P., concurring p 964). We also reject defendant's contention that in light of the jury's acquittal on the felony assault charge (Penal

---

* We note that Diane Nelson gave testimony similar to that of Mary Christina Hagood and that her identification testimony was also impeached on cross-examination, but this, too, created no more than a question of fact for the jury.

Law, § 120.10, subd 4), the conviction on the charges of burglary in the first degree (Penal Law, § 140.30, subds 2, 3) and robbery in the first degree (Penal Law, § 160.15, subds 2, 3) are repugnant and cannot stand. In our view, the counts of the indictment upon which the verdicts were returned contain differences in the basic elements of the crimes charged and, accordingly, the verdicts are not repugnant (compare *People v Smith,* 61 AD2d 91 with *People v Mitchell,* 64 AD2d 119). We have considered the remainder of defendant's arguments and find them to be lacking in merit. Judgment affirmed. Mahoney, P. J., Greenblott, Staley, Jr., and Herlihy, JJ., concur.

Mikol, J., dissents and votes to reverse in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. The trial record is barren of evidence legally sufficient to corroborate the testimony of the accomplice, Leland Jones, tending to connect the defendant with the crimes of which he was convicted as required by CPL 60.22. Leland Jones was the accomplice whose testimony forms the basis of the case against the defendant. The prosecution relies for corroboration on the testimony of two other witnesses, namely, Mary Christina Hagood and Diane Nelson, to place the defendant in close proximity to the home where Larry Barnes was staying before the crimes were committed and, also, to place him in the company of Barnes after the commission of the crimes. Barnes was identified by both victims as a perpetrator of the crimes with other unidentified persons. The purported corroborative witnesses, Mary Christina Hagood and Diane Nelson, testified that they could not identify the defendant as the unknown man to whom they were introduced the night of the crime, with whom they drove into Ithaca and who was dropped off at a street near where Barnes was staying. No one was able to place this stranger with Barnes after the crime was committed. At its strongest, we have evidence that both witnesses were introduced to a stranger whom they cannot identify as being the defendant and that this stranger remained silent when introduced by a name which sounded to one witness as "Linny" or "Lenny" and to the other as "Lynwood". The majority concludes that silence by the stranger at the introduction constitutes a tacit admission of the truth of the introduction. Courts in criminal cases are cautious in not reaching the conclusion that silence constitutes an admission unless it is clear that the person heard the statement made in his presence, that such person fully understood what was said, and that he had an opportunity to reply and would have naturally denied the statement if he regarded it as untrue (see *People v Allen,* 300 NY 222). It cannot be concluded that the person who was introduced to Mary Christina Hagood and Diane Nelson admitted to the correctness of the introduction. The foundation for such a conclusion was never properly laid. Finally, *arguendo,* even if the testimony of the corroborating witnesses was sufficient to identify the stranger as the defendant and to place him near Barnes' place of stay, mere association with Barnes would be relevant only if it may reasonably give rise to an inference that the defendant was also a participant in the crime. Inferences flowing from presence or association must rest on probability *(People v Wasserman,* 46 AD2d 915). It stretches the bounds of reason that the defendant's presence on a street near the home of a person who acknowledgedly participated in crimes at another location an hour later is sufficient corroboration of the commission of the crime by the defendant. The conviction should be reversed as a matter of law.