■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSEPH L. RUSSO, Respondent.—Appeal from an order of the County Court of Chenango County, entered May 14, 1979, which granted defendant's motion to dismiss the indictment. As a result of a fire in a house owned by defendant in the Village of Oxford, Chenango County, on October 8, 1978, defendant was indicted for the crimes of arson in the third degree (Penal Law, § 150.10, subd 1), conspiracy in the fourth degree (Penal Law, § 105.10, subd 1), conspiracy in the fifth degree (Penal Law, § 105.05, subd 1), criminal solicitation in the fourth degree (Penal Law, § 100.05, subd 1), criminal solicitation in the fifth degree (Penal Law, § 100.00) and criminal facilitation in the fourth degree (Penal Law, § 115.00, subd 1). The indictment was based largely upon the testimony before the Grand Jury of defendant's alleged accomplice, Gerald Savianeso, who had previously been convicted of arson as a consequence of the subject fire and who testified that defendant had hired him to set the fire. The County Court granted defendant's motion to dismiss all counts of the indictment upon the ground that Savianeso was an accomplice as a matter of law and his testimony was not sufficiently corroborated, and the instant appeal followed. We hold that the challenged order of dismissal should be affirmed. Savianeso is concededly an accomplice of defendant with respect to the conspiracy and arson charges, and such being the case, the indictment of defendant on those charges is sustainable only if Savianeso's testimony is corroborated (CPL 60.22, subd 1; CPL

190.65, subd 1). Similarly, the People do not dispute that corroboration of the testimony is required to indict defendant for criminal facilitation (Penal Law, § 115.15). In our view, such corroboration is also necessary to support the two criminal solicitation counts because, by admittedly conspiring with defendant to set fire to the house, Savianeso obviously participated in an offense based upon "some of the same facts or conduct which constitute the [criminal solicitation] charged" (CPL 60.22, subd 2, par [b]) and, as such, is an accomplice of defendant as to the criminal solicitation charges (see *People v Cona,* 49 NY2d 26; *People v Basch,* 36 NY2d 154). That being so, we turn to the evidence offered as corroboration of Savianeso's testimony, i.e., the tape of a conversation between defendant and Savianeso, with transcript, and a letter to defendant from the attorneys for an insurance company, and find that it has no real tendency to connect defendant with the criminal acts charged. The taped conversation, absent Savianeso's later coloration thereof, indicates only that defendant knew that Savianeso was being investigated for the fire and that defendant might be willing to help him, but it does not point to any criminal activity by defendant. Likewise, the attorneys' letter merely establishes that an insurance claim had been made by defendant relative to the fire, and it contains nothing which incriminates defendant. Under these circumstances there was plainly an inadequate evidentiary basis for all six counts of the indictment, and, therefore, the indictment was properly dismissed (see *People v Ross,* 68 AD2d 962; *People v Horton,* 61 AD2d 1082; *People v Powell,* 58 AD2d 964). Order affirmed. Sweeney, J. P., Main, Mikoll, Casey and Herlihy, JJ., concur.