■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL NEAL, Appellant. — Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered December 23, 1981, upon a verdict convicting defendant of one count of the crime of robbery in the first degree and two counts of the crime of robbery in the second degree. On the morning of November 9, 1978, three masked individuals entered the home of Alton Snyder in Kingston, New York, bound and gagged his daughter and wife and fled with Snyder's money and coin collection. Defendant was indicted for various crimes resulting from the incident and tried with codefendant Barber. Defendant was found guilty of one count of robbery in the first degree and two counts of robbery in the second degree. He was sentenced to three indeterminate sentences of a maximum of 10 years and a minimum of three and one-third years for robbery in the first degree, and a maximum of six years and a minimum of two years on the two counts of robbery in the second degree, the sentences to run concurrently. This appeal ensued and he raises several issues urging reversal. Initially, defendant contends that there was insufficient corroborative evidence of the testimony of accomplice Molina, who had previously pleaded guilty to a charge of robbery in the first degree. We disagree. The record reveals that Clarence Jackson, a nonaccomplice, testified that he overheard defendant in a conversation with Molina and others about robbing the Snyder residence two days before the incident. Such testimony corroborated Molina's story of defendant's involvement in the planning stages of the crime. The fact that cross-examination developed discrepancies in Jackson's testimony at trial and before the Grand Jury did not render the evidence insufficient as a matter of law but rather raised questions of credibility for the jury (*People v Ross*, 68 AD2d 962, 963). Further corroboration was presented by proof of defendant's flight from the area after the crime and the use of an alias upon his return. Defendant also maintains that the court erred in permitting the prosecution to impeach its witness Deborah Bicknell. Again, we disagree. Bicknell's testimony before the Grand Jury corroborated testimony of her brother, Molina, to the effect that she was present when defendant and he talked about robbing Snyder; that she was also present when the trio gathered to rob the Snyders; that she disposed of the clothes they used in the robbery; and that she left with defendant and

her brother when they fled to New York City immediately afterwards. At trial she denied participating in or knowing about the robbery. Such trial testimony, in our view, tended to disprove a material issue of the case within the meaning of CPL 60.35 (subd 1) as it disputed Molina's story which was central to the prosecution's case. Consequently, the court properly permitted the use of the Grand Jury testimony (*People v Fitzpatrick*, 40 NY2d 44, 51). We are also of the view that the court properly permitted the prosecution to read portions of Molina's Grand Jury testimony on redirect even though the testimony was consistent with his trial testimony. Such practice is allowed where only a portion of a prior statement is used on cross-examination and the redirect testimony is for the purpose, as here, to explain or clarify a statement (*People v Torre*, 42 NY2d 1036). Finally, it was not an abuse of discretion for the court to deny defendant's motion pursuant to *People v Sandoval* (34 NY2d 371) to preclude the prosecution from using defendant's prior conviction for criminal possession of stolen property for impeachment purposes (see *People v Hendrix*, 44 NY2d 658). We have considered all other issues and arguments advanced by defendant urging reversal and find them unpersuasive. There should be an affirmance. Judgment affirmed. Sweeney, J. P., Kane, Casey, Mikoll and Yesawich, Jr., JJ., concur.