■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PETER PONTANI, Appellant.— Appeal by defendant from a judgment of the County Court, Suffolk County, rendered September 9, 1968, convicting him · of abortion and unlawful practice of medicine, upon a jury verdict, and imposing sentence. Judgment affirmed. In our opinion the trial court committed no error in allowing into evidence the statement inculpating appellant, made by the 'codefendant who was acquitted, and in charging the jury that, if they found a conspiracy to exist between appellant and said codefendant, the statement might be considered in connection with the innocence or guilt of appellant. Even though no count of conspiracy was contained in the indictment, it was proper for the court to admit the statement and to charge as indicated (*People* v. *Luciano,* 277 N. Y. 348; *People* v. *Bonsignore,* 21 A D 2d 309; *United States* y. *Annunziato,* 293 F. 2d 373), especially in view of the overwhelming proof of appellant's guilt (24B C. J. S., Criminal Law, § 1922 [3], pp. 163–167). Other points raised by appellant have been considered. Beldock, P. J., Christ, Brennan, Rabin and Kleinfeld, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD J. SMITH, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered January 24, 1969, convicting him of burglary in the third degree, upon a plea of guilty, and imposing sentence. Judgment reversed, on the law, and case remitted to the County Court for the purposes of hearing defendant's motion to withdraw his plea of guilty and determining the motion *de novo.* The findings of fact below have not been considered. The denial of the motion to withdraw the guilty plea was peremptory. Before denying the motion, the learned Trial Judge should have afforded defendant an opportunity to confer with counsel or should have inquired as to the purpose and motivation of defendant in making the application (*People* v. *Klein,* 26 A D 2d 559; *People* v. *Borges,* 28 A D 2d 735). Beldock, P. J., Christ, Munder, Martuscello and Kleinfeld, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. THOMAS EARL CROSCUP, Appellant, v. HAROLD W. FOLLETTE, Warden, Green Haven Prison, Respondent.— Judgment of the Supreme Court, Dutchess County, dated January 24, 1969, affirmed, without costs. (See *People ex rel. Smith* v. *Deegan,* 32 A D 2d 940.) Christ, Acting P. J., Rabin, Benjamin, Martuscello and Kleinfeld, JJ., concur.

■ JONATHAN ROBINSON, an Infant, by His Mother MOTY B. ROBINSON, et al., Appellants, v. MINNIE FERENS, Respondent.— In a negligence action to recover damages for personal injuries, medical expenses, etc., plaintiffs appeal from a judgment of the Supreme Court, Kings County, dated May 14, 1969, in favor of defendant upon the verdict of a jury after a trial on the issues of liability only. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The findings of fact below have been affirmed. In our opinion, the trial court committed reversible error in refusing to have the summations recorded (cf. *Devine* v. *Keller,* 32 A D 2d 34, 36; *Croix* v. *New York City Tr. Auth.,* 28 A D 2d 691; *Sharp* v. *City of Hornell,* 12 A D 2d 1002) and in refusing to charge section 60 of the New York City Traffic Regulations as requested (*Taggart* v. *Vogel,* 3 N Y 2d 58, 60). Beldock, P. J., Christ, Munder, Martuscello and Kleinfeld, JJ., concur.