■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH DAVID ROMER, Appellant.— On defendant's appeal from a judgment of the County Court, Orange County, rendered November 3, 1969 on resentence, we affirmed the judgment on November 16, 1970 (*People* v. *Romer,* 35 A D 2d 911), but on January 18, 1971 we granted his motion for reargument. On reargument, judgment reversed, on the law; defendant's additional plea of guilty to sodomy in the first degree vacated; and case remanded to the County Court for resentence of defendant upon his plea of guilty to assault in the second degree with intent to commit sodomy. Defendant was indicted in 1963 for sodomy in the first and second degrees (first two counts) and for assault in the second degree with intent to commit sodomy (third count). He pleaded guilty to the third count in full satisfaction of the indictment and, after psychiatric examination, he received a one-day-to-life sentence (see former Penal Law, § 243). He did not appeal, but, upon his application, the sentence was vacated because he had not received a copy of the psychiatric report and was unable to controvert it. He was allowed funds to obtain his own psychiatrist and a hearing was had, following which the County Court held that the original sentence was appropriate in view of the uncontradicted psychiatric findings. When defendant appeared for resentence he offered, on the recommndation of counsel, to plead guilty to sodomy in the first degree under the first count of the indictment in addition to his plea of guilty to the third count. The stated purpose of this offer was to afford the court a wider range of sentences. The court advised defendant that his original plea of guilty to the third count was not being withdrawn and defendant said he wished to plead guilty to the first count. The court accepted the additional plea of guilty and sentenced defendant to concurrent terms of from 10 to 20 years on the first-degree sodomy charge and from 2½ to 5 years on the second-degree assault charge. Defendant appealed and, as above stated, we affirmed (*People·* v. *Romer,* 35 A D 2d 911, *supra*). He then moved for, and in the interests of justice was granted, reargument upon a ground not urged on the appeal, namely, that the County Court had erred in accepting his plea of guilty under the first count without allowing him to withdraw his prior plea of guilty to the third count. Upon reargument, it is our opinion that defendant's original plea of guilty to the third count barred the subsequent acceptance of an additional plea of guilty to any other count of the indictment. Conviction of a crime charged in an indictment has been said to be an acquittal of all other offenses charged therein (1 Wharton's Criminal Law & Procedure [Anderson], p. 294). In *People* v. *Griffin* (7 N Y 2d 511, 516) it was said, "The charges in the indictment cannot be tried after a plea to a lesser crime has been interposed, which stands as a barrier even where the inquiry discloses that an actual assault has been committed and not merely an attempt." For the purpose of empowering the court to impose sentence, a conviction upon a plea of guilty stands upon the same footing as a conviction after trial. Under the rationale of *Griffin* (*supra*) a plea of guilty to one count of an indictment stands as a barrier to the acceptance of a subsequent additional plea of guilty to any other count of that indictment. We find that the resentence proceedings were invalidated by the improper acceptance of defendant's plea of guilty to the first count without permitting him to withdraw his original plea of guilty to the third count. The case therefore should be remanded to the County Court for resentence of defendant upon his plea of guilty to assault in the second degree

with intent to commit sodomy. Latham, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.