Niagara Supreme Court in condemnation proceeding.) Present—Marsh, P. J., Moule, Cardamone, Simons and Witmer, JJ.

■ In the Matter of Frank E. Boehme, Appellant, v Harold J. Smith, as Superintendent of the Attica Correctional Facility, Respondent.—Judgment unanimously affirmed. Memorandum: Relator, an inmate of Attica Correctional Facility, appeals from the dismissal of his article 78 proceeding instituted as a result of respondent's, Harold J. Smith, Superintendent of Attica Correctional Facility, denial of his request to correspond with an inmate at Auburn Correctional Facility. We find no deprivation of relator's constitutional rights arising by reason of the denial, since a legitimate interest in fostering order and security in a penal institution justifies the imposition of certain restraints on inmate correspondence *(Procunier v Martinez,* 416 US 396, 413). The issue presented is simply whether respondent's action was arbitrary or capricious. Administrative bulletin No. 20 (issued by the Commissioner of the Department of Correctional Services on January 31, 1972) which contains the rules governing correspondence for inmates at State correctional facilities provides at rule No. 3: "Special permission must be obtained by you from the Superintendent for correspondence with * * * inmates in other facilities in this or other States". Relator's request to correspond was for the purpose of obtaining assistance in pursuing postconviction remedies arising from his murder conviction in Queens County in 1960. Respondent's reply advised that usual policy was to permit only codefendants to correspond with each other and then only about their case. We conclude that respondent has a right to regulate inmate correspondence. Petitioner has not alleged that he has been denied access to books and legal materials, counsel or the legal assistance of other inmates or staff personnel at Attica. He has merely alleged that he has been denied access to the legal expertise of a particular inmate at another correctional facility. Such is not construed by us to be an arbitrary and capricious act by respondent, absent any claim that alternative routes to obtain legal assistance were unavailable to relator (see *Johnson v Avery,* 393 US 483, 490). (Appeal from judgment of Erie Special Term denying petition in article 78 proceeding, seeking permission for petitioner to correspond with inmate at another penal institution.) Present—Cardamone, J. P., Simons, Mahoney, Goldman and Witmer, JJ.

■ The People of the State of New York, Respondent, v Frederick R. Burger, Appellant.—Judgment unanimously affirmed. Memorandum: It was error to permit the undercover officer who purchased drugs from these codefendants to testify as to hearsay statements made by each codefendant in the absence of the other which inculpated the absent codefendant. The court received the evidence on the theory that the statements were made in furtherance of a conspiracy (see *People v Luciano,* 277 NY 348, 358; *People v Pontani,* 33 AD2d 688; and see *Migliore v United States,* 409 F2d 786, cert den 396 US 975), but any conspiracy, if such there was, had terminated before the statements were made *(Krulewitch v United States,* 336 US 440; *People v Zavarro,* 26 NY2d 846; *People v Marshall,* 306 NY 223). Nevertheless, in view of the overwhelming proof of guilt in the record, the error was harmless *(Harrington v California,* 395 US 250; *People v Pelow,* 24 NY2d 161, 167; *People v Walker,* 36 AD2d 959, affd 31 NY2d 970). We have considered the other points raised by appellants and find them to be without merit. (Appeal from Judgment of Genesee County Court convicting defendant of criminally selling a dangerous drug, third degree.) Present—Cardamone, J. P., Simons, Mahoney, Goldman and Witmer, JJ.