OPINION OF THE COURT
Solomon H. Katz, J.
The prosecution herein sought to admit into evidence, over the objection of defense counsel, portions of the minutes of a codefendant’s plea allocution, for the limited purpose of proving that defendant was aided by another person actually present, a necessary element of the crime of robbery in the second degree under subdivision 1 of section 160.10 of the Penal Law.
Whether a codefendant’s plea allocution is admissible as a declaration against interest is apparently a question of first impression in the New York State courts.
In this jurisdiction it is clear that one of the exceptions to the hearsay rule is that the declarations of a person, now unavailable, against his interests as well as of other incidental and collateral facts and circumstances contained in it, are admissible in evidence. (McDonald v Wesendonck, *1012 30 Misc 601.) The reasons for this exception are the necessity inherent in the unavailability of the declarant and the circumstantial probability of trustworthiness found in declarations against interest. In People v H. (113 Misc 2d 611) Mr. Justice Michael Juviler outlined the circumstances that must be present for a hearsay statement to be received in evidence as a declaration against interest. First, the declarant must be unavailable to testify; second, the declarant must be aware that the declarations are against his interest; third, the declarant must have knowledge of the subject matter of his statements; and, fourth, the surrounding circumstances must give sufficient indication of the trustworthiness of the statements.
With respect to the first element, i.e., unavailability of the declarant, the relevant issue is whether a declarant may be deemed unavailable by asserting his Fifth Amendment privilege against self incrimination. The answer to this question is in the affirmative. (See People v Brown, 26 NY2d 88, wherein the Court of Appeals adopted the rule adhered to in Missouri, Arizona, and other States.) “[H]aving regard for the principle of necessity which justifies resort to secondary evidence, a witness who stands upon his constitutional rights is, as a practical proposition, just as fully unavailable as though he were insane or dead or prevented from testifying because of some other acceptable reason.” (Moore v Metropolitan Life Ins. Co., 237 SW2d 210, 212 [Mo].)
The second requirement for admission as evidence is that the statements be against the declarant’s interest, and that he be aware that they are against his interest. In the case at bar, the defendant’s counsel urged that the statements by the declarant cannot be held to be against his interest, for he was incarcerated while awaiting trial, and by making the statements in connection with his guilty plea, he was able to obtain his freedom and receive a deferred sentence of probation. This court found the aforesaid argument untenable. By pleading guilty to a class D violent felony, the declarant subjected himself to the certainty of being sentenced under article 70 of the Penal Law (the predicate felony statutes), in the event that he is subsequently convicted of a felony.
*1013 In addition, ,by pleading guilty, he forfeited his right to remain silent as well as to present witnesses of his own choosing and to confront the witnesses against him. And, by pleading guilty to a felony, he forfeited certain of his civil rights and placed himself under the control of the Probation Department.
Under these circumstances, I find, as a matter of law, that the statements made were against the declarant’s penal interest. Moreover, he was aware of this fact. He had been advised of his rights by the court taking his plea allocution, as well as by his competent attorney.
The third requirement of admissibility, that the declarant have knowledge of the subject matter of his statements, was not in issue in the case at bar.
With respect to the fourth element, that the surrounding circumstances give sufficient indication of the trustworthiness of the statements, this court considered the inherent reliability of declarations against penal interest as well as the testimony of other witnesses who tended to corroborate such facts as the description of the perpetrators; the manner in which the crime was committed; and the location of the crime.
In United States v Winley (638 F2d 560), the United States Court of Appeals for the Second Circuit considered the question of whether the guilty plea allocutions of two accomplices were admissible in evidence as declarations against penal interest, for the purpose of proving that a conspiracy existed, though not to prove that the defendant was a member of the conspiracy.
In holding the allocutions to be admissible, the Circuit Court deemed the declarants to be unavailable because of their assertion of their Fifth Amendment privilege against self incrimination, and found the allocutions to be against their penal interests because, when made, they tended to subject the declarants to criminal liability. The court also found the statements to be especially reliable because rule 11 of the Federal Rules of Criminal Procedure requires that the sentencing Judge develop on the record a factual basis for the plea. Further, the plea must be voluntary and knowing and if it was induced by promises, the essence of *1014 those promises must in some way be made known. In the case at bar, these very same safeguards were adhered to by the Justice presiding at the plea allocution when he accepted the codefendant’s guilty plea. Moreover, in the instant trial a further guarantee of reliability was found in that the facts elicited in the codefendant’s allocution were buttressed by the testimony of other witnesses. In any event, whether corroborating circumstances establish the trustworthiness of a guilty plea is a determination to be made by the Trial Judge in the exercise of his sound discretion (United States v Winley, supra, p 562).
The indices of trustworthiness in the instant case went beyond the level of confirmation normally required to admit a declaration against interest and are ample for purposes of the Sixth Amendment confrontation clause. Absent here is the risk of false accusation by an apprehended accomplice, noted in Bruton v United States (391 US 123). (See People v H., 113 Misc 2d 611, supra.) Moreover, the instant case was not a joint trial, as Bruton was. (See People v Egan, 78 AD2d 34.)
In addition, the instant case is distinguishable from People v Geoghegan (68 AD2d 279, affd 51 NY2d 45), for in that case the police officer failed to redact the defendant’s name while testifying about a declaration made to him by another participant in the crime in question. Moreover, the trial court in the Geoghegan- case failed to give a proper limiting instruction to the jury.
Once the court has determined that the four elements have been met, there must also be a satisfactory showing that resort to such proof is necessary to the discovery of truth. (People v Maerling, 46 NY2d 289; People v Egan, supra; People v Green, 75 AD2d 502.)
In the instant case there has been such a showing. The testimony of the three teen-aged eyewitnesses was somewhat vague and uncertain regarding the circumstances surrounding the crime alleged to have been committed in the Times Square area, and the plea allocution minutes clarified their testimony.
For the reasons stated, this court received in evidence relevant portions of the plea allocution, redacted so as to *1015 eliminate any reference to the defendant’s identity. Further, this court instructed the jury that this evidence is limited to the sole issue of whether more than one person participated in the crime, and should not be considered as evidence relating to the identification of the defendant.