OPINION OF THE COURT
Frederic S. Berman, J.
In what appears to be a case of first impression, this court is presented with the following issue:
*750 If a codefendant has previously pleaded guilty to one count of a multicount indictment, but inculpates himself not only with respect to the one count to which he pleaded guilty but, also, to the other counts charging separate crimes, can the People introduce against the defendant at trial the codefendant’s entire plea allocution where the codefendant is unavailable to testify at the defendant’s trial?
In People v Thomas (68 NY2d 194 [1986]), the Court of Appeals held that in very limited circumstances a trial court may admit into evidence as a declaration against penal interest a codefendant’s plea allocution to establish an element of a crime or crimes charged against a defendant.
FACTS
The defendant, James Blades, together with codefendant Allan Marshall, was indicted for having committed six crimes.[1] Except as to one count in the indictment, the People’s theory as to the remaining five counts was that the two defendants acted in concert under Penal Law § 20.00 (criminal liability for conduct of another).
Prior to the defendant’s trial, codefendant Marshall in another courtroom pleaded guilty to one count of attempted burglary in the first degree in full satisfaction of the indictment. In exchange for his plea, Marshall received a promise that he, as a second violent felony offender, would receive a prison sentence of four to eight years.
Before the commencement of the defendant’s trial, the People advised the defendant and the court that the People intended to offer as proof against the defendant selected portions of codefendant Marshall’s plea allocution should Marshall refuse to testify against the defendant by asserting his Fifth Amendment privilege against self-incrimination. Prior to the delivery of opening statements and outside the presence of the jury, in the presence of the defendant and his attorney, the People called Marshall to the witness stand to ascertain his willingness to serve as a witness against the *751 defendant. After having been sworn, Marshall, who received assistance from his own counsel, unequivocally indicated that he did not wish to testify against the defendant and that, if called to the witness stand during the trial, he would invoke his Fifth Amendment prerogative against self-incrimination. At this juncture, the court declared Marshall to be an unavailable witness because of his express desire to assert this right.
In light of this finding, pursuant to Thomas (supra), the People moved the court to introduce into evidence against the defendant portions of Marshall’s plea allocution for several purposes. During this allocution, although Marshall pleaded guilty only to the crime of attempted burglary in the first degree, he admitted his culpability as to the other crimes alleged in the indictment. Specifically, Marshall conceded that he and the defendant had unlawfully entered the apartment of the complainant, Rudolph Headley, to coerce him into leaving it. Marshall acknowledged that he put an imitation pistol to the head of the complainant while conveying to him a threat to vacate the apartment.
The defendant opposed the introduction of any part of Marshall’s plea allocution contending that the statements contained in the allocution were inadmissible under Thomas (supra) and that the introduction of these statements violated the Confrontation Clause of the Sixth Amendment. After hearing trial testimony which largely corroborated the statements contained in Marshall’s plea allocution, the court ruled that the proffered evidence satisfied the requirements for admission promulgated by the Court of Appeals in Thomas. Consequently, the court partially granted the People’s motion and permitted the receipt of limited portions of Marshall’s plea allocution solely as to the element of acting in concert with respect to four of the five charges eventually submitted to the jury.[2]
LEGAL DISCUSSION
In Thomas (supra) the Court of Appeals upheld a trial court’s then unprecedented decision to admit into evidence as a declaration against penal interest a codefendant’s plea allocution to establish only whether Thomas committed a *752 robbery while " 'aided by another * * * actually present.’ ” (68 NY2d, at 196, supra; Penal Law § 160.10 [1] [robbery in the second degree].) The Trial Judge did not permit the testimony to be employed to prove Thomas’ identity as the perpetrator of the robbery.
Before Thomas’ trial, the codefendant, James Rucker, who had been jointly indicted with Thomas for two counts of robbery in the second degree stemming from two discrete robberies, pleaded guilty to one count of attempted robbery in the second degree in full satisfaction of the indictment. In his plea allocution Rucker admitted to participating in both robberies, although his guilty plea covered only one of those robberies. In admitting portions of the plea allocution in which Rucker described his participation with an unnamed cohort in both robberies, the trial court determined that a proper evidentiary foundation for the admission of Rucker’s plea statements as a declaration against penal interest had been laid. (People v Thomas, 117 Misc 2d 1011, 1012-1013 [Sup Ct, NY County 1983] [Katz, J.].) Thomas, who was eventually convicted, appealed his judgment, which the Appellate Division affirmed without opinion. (People v Thomas, 115 AD2d 1019 [1st Dept 1985].)
Thereafter, the Court of Appeals held that the Trial Justice properly admitted the plea allocution statements as a declaration against penal interest.[3]
Subsequent to Thomas (supra), the Court of Appeals held that should a trial court admit a declaration against penal interest, it should do so only as to those "portion[s] of [the] statement which [are] opposed to the declarant’s interest since the guarantee of reliability contained in declarations against penal interest exists only to the extent the statement is disserving to the declarant.” (People v Brensic, 70 NY2d 9, 16 *753 [1987]; accord, Williamson v United States, — US —, 114 S Ct 2431 [1994] [holding that Federal Rules of Evidence, rule 804 (b) (3), which permits the introduction of declarations adverse to criminal liability in Federal trials, does not allow the admission of non-self-inculpatory statements even if issued within a broader narrative which is largely self-incriminating].)
However, left expressly unanswered by the Thomas Court was whether self-inculpatory statements uttered by a codefendant during a plea allocution may be introduced into evidence against a defendant, where the statements do not underlie the crime or crimes to which the codefendant has pleaded guilty. Or put another way, if a codefendant pleads guilty to one count in full satisfaction of a multicount indictment, but, during his allocution, implicates himself not only under the count to which he has pleaded guilty but also under a count or counts which were not covered by his plea, may those self-incriminating statements relating to those charges not covered by the plea be deemed declarations against penal interest and be introduced against a defendant at trial pursuant to the holdings of Thomas and Brensic (supra)?
Under CPL 220.30 (2), the entry and acceptance of a guilty plea is tantamount to a disposition of the entire indictment. (People v Romer, 38 AD2d 757 [2d Dept 1972], affd 31 NY2d 919 [1972].) As the Second Department observed in Romer, "Conviction of a crime charged in an indictment has been said to be an acquittal of all other offenses charged therein.” (38 AD2d, at 757, supra [citation omitted]; accord, People v Hyll, 90 Misc 2d 101 [Suffolk Dist Ct 1977] [Weissman, J.].) Consequently, it can be reasonably argued that a codefendant’s self-inculpating statements as to offenses contained in an indictment but not covered by a guilty plea are technically not declarations against penal interest, and, thus, inadmissible under Thomas and Brensic (supra). This is so because, in the course of issuing those statements, the allocuting codefendant is not subjecting himself to criminal responsibility for charges of which he is ultimately not liable by operation of law. (CPL 200.30.)[4] Moreover, those assertions may lack the guarantee of reliability required for the admissibility of declarations against penal interest. By uttering self-inculpatory statements *754 not pertaining to a count or counts to which a codefendant has pleaded guilty, such codefendant is essentially receiving a "free shot” to admit his liability for crimes of which he would not be convicted. In so doing a codefendant could attempt to curry favor with the prosecution by exaggerating his own involvement in a crime or crimes to increase another defendant’s criminal liability. (See, People v Thomas, 68 NY2d, at 199-200.) In Thomas, such potential and dubious attempts concerned the Court of Appeals and militate against the reliability and admissibility of a codefendant’s plea allocution.
However, Thomas (supra) somewhat impliedly addressed the issue sub judice. In Thomas, although codefendant Rucker was indicted for having perpetrated two robberies, he pleaded guilty to having committed just one of the robberies. Rucker’s plea allocution provided a description of his and Thomas’ role in both robberies. At Thomas’ trial the court permitted the People to introduce into evidence those portions of Rucker’s allocution describing both robberies. In upholding the trial court’s decision to admit Rucker’s plea allocution, the Court of Appeals never considered whether Rucker’s statements pertaining to the robbery to which he did not plead guilty constituted declarations against penal interest. Upon applying the declarations against penal interest admissibility test and conducting additional analysis, without any qualification, the Court held that the admission of Rucker’s statements was proper.
Plainly, under CPL 220.30 (2), Rucker’s guilty plea to one count in the indictment led to his acquittal on the other count. And, an argument under Brensic (supra) could be advanced that the trial court should have excluded those allocution statements pertaining to the charge of which Rucker was acquitted because those statements were technically not against Rucker’s penal interest when uttered. Nevertheless, the Court of Appeals did not expressly object to the substance of any part of the statements received in evidence once their admissibility was properly determined. And, in the absence of any appellate authority directly addressing the issue at bar, this court adheres not only to the legal principles promulgated in Thomas (supra), but also deems the facts of Thomas to be controlling as well. Therefore, this court will not exclude portions of codefendant Marshall’s plea allocution relating to those crimes to which he did not plead guilty.
Moreover, while pleading guilty to attempted burglary in the first degree, Marshall was required to acknowledge that, *755 upon his unlawful entry or remaining in the complainant’s apartment, he harbored the intent to commit a crime therein. (People v Serrano, 15 NY2d 304 [1965] [mandating that a defendant’s recital of the facts underlying a guilty plea to a crime establish the requisite elements of that offense]; see also, People v Mahboubian, 74 NY2d 174 [1989] [discussing the element of intent with respect to a burglary charge]; People v Gaines, 74 NY2d 358 [1989] [addressing the interplay of intent with the elements of unlawful entry and unlawful remaining as to a burglary charge].) This element of intent may be established by facts established and inferences to be drawn from those facts. (People v Castillo, 47 NY2d 270 [1979]; People v Barnes, 50 NY2d 375 [1980].) By stating expressly that he and the defendant entered Headley’s apartment to unlawfully coerce and intimidate Headley, and by detailing those specific criminal acts which he committed in the apartment and which were the subject of the indictment, Marshall himself presented evidence establishing his intent to commit a crime inside of the apartment. In the context of a burglary charge and plea, such admissions, although establishing separate offenses, relate to a necessary element of such charge, that of intent to commit a crime inside of a dwelling and, thus, may properly be construed as declarations against penal interest.
CONCLUSION
For the foregoing reasons, the court hereby partially grants the People’s request to introduce into evidence portions of codefendant Allan Marshall’s plea allocution for the limited purpose of establishing the element of acting in concert as to four of the five counts submitted to the jury.

. The charges set forth in the indictment were, ad seriatim: burglary in the first degree (Penal Law § 140.30 [3]); burglary in the second degree (Penal Law § 140.25 [1] [d]); coercion in the first degree (Penal Law § 135.65 [1]); unlawful imprisonment in the first degree (Penal Law § 135.10); and two counts of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]). All charges, except for unlawful imprisonment in the first degree, were submitted to the jury. The jury convicted the defendant of the five crimes presented for their consideration.

. As to the fifth count of the indictment accusing the defendant of criminal possession of a weapon in the third degree, the court ruled that an acting in concert instruction was inapplicable because the defendant was charged with having perpetrated this offense alone.

. To qualify as a declaration against penal interest the following must occur: "(1) the declarant must be unavailable to give testimony, whether by reason of absence from the jurisdiction, refusal to testify on constitutional grounds or death; (2) the declarant must have been aware at the time of its making that the statement was contrary to his penal interest; (3) the declarant must have competent knowledge of the underlying facts; and (4) there must be sufficient competent evidence independent of the declaration to assure its trustworthiness and reliability.” (People v Thomas, supra, 68 NY2d, at 197 [citations omitted]; see also, People v Harding, 37 NY2d 130, 135 [1975] [Cooke, J., concurring]; People v Settles, 46 NY2d 154, 167 [1978]; People v Shortridge, 64 NY2d 309 [1985]; People v Thomas, supra, 117 Misc 2d, at 1012; People v H., 113 Misc 2d 611, 613-614 [Sup Ct, Kings County 1982] [Juviler, J.].)

. And, should such a guilty plea be vacated, those statements could not be used at trial against a defendant who had originally entered such plea. (People v Spitaleri, 9 NY2d 168 [1961].)