■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BLADES, III, Appellant. [666 NYS2d 141] —Judgment, Supreme Court, New York County (Richard Carruthers, J., at suppression hearing; Frederic Berman, J., at jury trial and sentence), rendered April 10, 1995, convicting defendant of burglary in the first and second degrees, attempted coercion in the first degree, and two counts of criminal possession of a weapon in the third degree, and sentencing him, as a persistent violent felony offender, on the burglary convictions to terms of 13 years to life and 10 years to life, respectively, and sentencing him, as a second felony offender, to terms of 2 to 4 years on the attempted coercion conviction and 3½ to 7 years on each of weapon possession conviction, all to run concurrently, unanimously affirmed.

Portions of the codefendant's plea allocution were properly admitted as declarations against penal interest (*see, People v Thomas*, 68 NY2d 194, 197, *cert denied* 480 US 948). The challenged portions of the allocution, in which the codefendant referred to the participation of another person, were not superfluous to the guilty plea. On the contrary, they were against the codefendant's penal interest because, under the circumstances of the allocution, the conduct of the other person was necessary to establish the elements of the crime to which the codefendant pleaded guilty (*see,* Penal Law §§ 110.00, 140.30 [3]).

The court's *Sandoval* ruling carefully balanced the relevant factors and was a proper exercise of discretion in view of the probative value of defendant's theft-related convictions (*see, People v Flocker*, 223 AD2d 451, *lv denied* 88 NY2d 847).

We have reviewed defendant's remaining contentions, including those contained in his *pro se* supplemental brief, and find them to be without merit. Concur—Ellerin, J. P., Wallach, Williams, Andrias and Colabella, JJ. *[See,* 164 Misc 2d 749.]