■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVATORE SIMONE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered April 19, 1976, convicting him of criminal sale of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. No contentions have been raised with respect to the sufficiency of the facts. On March 27, 1975 a confidential informant telephoned two undercover police officers in the White Plains police department

and told them that if they were to drive to Peekskill, he would introduce them to an individual who would sell them cocaine. Later that afternoon the two officers and the confidential informant drove to defendant's home and parked across the street. There was testimony that the confidential informant entered the house and emerged 20 minutes later with the defendant and one Larry Clifton. The police officers testified that the informant left the scene entirely, and that the defendant alone approached and entered the car and sold cocaine to the police officers. The defendant admitted having sold the cocaine to the police officers, but claims that he did so as a favor to the confidential informant. Defendant claims that the confidential informant is one Edward Holliman, and that Holliman had told him that the two men had sold his brother "garbage" (in drug parlance this can apparently mean either matter which looks like a narcotic drug, but is not, or a narcotic drug which has been cut so many times that is is of inferior quality). According to defendant, Holliman wanted revenge against the two men who had "burned" his brother, but knew that they would not buy from him because they suspected his motive. Therefore Holliman gave defendant two tinfoil packages containing "garbage" and asked him to sell them to the two men. The defendant agreed and made the sale. Defendant stated that this meeting took place in the upstairs apartment of his house and was witnessed by his upstairs' tenant, Joanne Claxton, and by Larry Clifton. Joanne Claxton testified and completely corroborated the defendant's version of his meeting with the confidential informant. At trial, defendant asked the court to order disclosure of the identity of the confidential informant. The court refused. The defense then presented Edward Holliman who, it claimed, was the confidential informant. Holliman did not testify willingly, but rather under the compulsion of a court order. Defendant sought to prove that Holliman was the informant, but failed, because Holliman was extremely evasive and repeatedly asserted his Fifth Amendment privilege when asked whether he was the confidential informant. Finally, defendant asked the court to declare Holliman a hostile witness, but the court refused. The conviction should be reversed. The Court of Appeals has clearly stated that where a defendant presents specific evidence which supports a plausible theory of innocence as to which an informant can give relevant testimony, his identity should be disclosed (*People v Goggins,* 34 NY2d 163, cert den 419 US 1012). Here defendant presented two alternative, but consistent, theories of innocence. First, he claims that no sale occurred because he merely "sold" to the officers the cocaine which they had fed to him through the informant. Stated differently, defendant was their agent, because he was merely the agent of the informant, who surely was the agent of the police. One who is merely the agent for the buyer cannot "sell" to the buyer (*People v Lindsey,* 16 AD2d 805, affd 12 NY2d 958). Second, defendant claims that he was entrapped because he made the sale as a favor to the informant, did not receive any profit for it, and was not fully certain that the "garbage" was cocaine. Thus the defendant presented his own testimony, and that of Joanne Claxton, in support of these two theories of innocence. Regardless of which theory is relied upon, the informant is the central figure in the transaction at issue. Certainly he could have provided direct testimony as to defendant's guilt or innocence, and he should have been produced. The trial court's failure to order his production denied the defendant the opportunity to present a defense, and thus denied him a fair trial (see *People v Goggins,* 34 NY2d 163, *supra).* Even if the *Goggins* criteria had not been met, reversal would still be required. After the court denied defendant's request for disclosure of the

informant's identity, defendant sought, on his own, to establish that the informant was Edward Holliman. To do so, he obtained a court order requiring Holliman's presence at the trial. However, the examination of Holliman proved futile because he continually evaded questioning by stating that he couldn't remember events which had occurred on March 27, 1975. When asked whether he was the confidential informant, Holliman repeatedly asserted his Fifth Amendment privilege. However, when defendant asked the court to declare Holliman a hostile witness the court refused, stating that the witness did not appear to be hostile. Holliman was obviously hostile. He would not co-operate with defendant, but was compelled to testify by court order. Holliman's claims that he could not remember certain events around March 27, 1975 are incredible and his assertions of the privilege against self incrimination were questionable at best. While this ruling alone might not have denied defendant a fair trial, when it was combined with the court's prior refusal to order the disclosure of the informant's identity, the defendant was prevented from presenting the substance of his defense, namely, that Holliman was the informant, and that he had initiated the transaction. This constitutes a denial of the due process right to a fair trial (see *Chambers v Mississippi,* 410 US 284). In *Chambers,* the defendant, charged with murder, sought to prove that another man, McDonald, had confessed to the murder on three separate occasions. Two evidentiary rulings prevented him from doing so. First, defendant called McDonald to the stand, but McDonald flatly denied having murdered the policeman. Chambers was prohibited from impeaching McDonald because the court refused to declare him a hostile witness. When Chambers sought to introduce testimony of the men to whom McDonald had confessed, such testimony was excluded as hearsay. It did not constitute a declaration against interest because for purposes of that exception to the hearsay rule Mississippi recognized only a pecuniary interest, not a penal interest. The Supreme Court acknowledged Mississippi's right to make evidentiary rules for the orderly conduct of trials. However, where the combination of these evidentiary rules prevented a fair presentation of a defense in a criminal trial, then defendant was held to have been denied his due process right to a fair trial. In the instant case, even if the court was not required by *Goggins* to disclose the informant's identity, it was obligated to make some provision so that defendant could present his defense. In the context of this trial, this required that Holliman be declared a hostile witness. Consequently a new trial is required for two reasons: first because the identity of the confidential informant should have been disclosed; and second because if his identity was not to be disclosed, then the trial court should have declared Holliman a hostile witness and thus afforded defendant the full opportunity to prove that Holliman had instigated the drug sale. Latham, J. P., Cohalan, Rabin and Hawkins, JJ., concur.