■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD WASHINGTON, Appellant. — Judgment of the Supreme Court, Kings County (Bernstein, J.), rendered October 15, 1981, affirmed. No opinion. O'Connor, Weinstein and Rubin, JJ., concur.

Titone, J. P., dissents and votes to reverse the judgment appealed from and to order a new trial with the following memorandum. At trial, defendant raised a defense of mistaken identification and sought to introduce evidence that another man, one David Grier, had confessed to the crime with which he was charged. The court, however, refused to allow Grier's confession to be admitted through the police officer to whom it was made or to allow Grier to be displayed to the jury for the purpose of allowing it to compare his physical appearance with that of defendant. That determination cut the heart out of the defense case and constituted constitutional error of the first magnitude (*Chambers v Mississippi,* 410 US 284; *People v Gilliam,* 37 NY2d 722, revg 45 AD2d 744, 744-745, on dissent of Justice Hopkins). Defense counsel first became aware of the Grier confession at a pretrial conference which preceded the *Wade* hearing. The confession included information that only a participant in the crime would have known, i.e., that a corrections officer was one of the victims and that the officer's gun and shield had been taken during the robbery. Counsel ascertained that Grier, like defendant, is dark skinned and that the complainants had been unable to identify Grier from a photo array, a procedure conducted only after they had already identified defendant. Inexplicably, the prosecutor admitted that he knew about Grier's confession but did not inquire into it. Grier was produced on defense counsel's motion and during

the People's case defense counsel was able to observe Grier's physical appearance and to interview the officer who had arrested him for an unrelated crime. At that point, counsel advised the court that Grier would invoke his privilege against self incrimination if called to testify and, therefore, the court refused to permit him to be called as a witness. Counsel thereupon requested that Grier be declared an unavailable witness so that the confession could be introduced as a statement against penal interest and that he be permitted to exhibit Grier in support of his claim of misidentification (see *People v Diaz,* 111 Misc 2d 1083, where that procedure was employed). While the court apparently acknowledged that Grier's confession would qualify as a statement against penal interest, the arresting officer was precluded from testifying. In the court's view, Grier's statements did not exculpate the defendant since placing Grier at the scene would merely tend to establish that Grier was the second robber. Counsel's argument that this was a question of fact for the jury to decide was rejected. In my view, Grier's confession clearly fits within the ambit of the hearsay exception for declarations against penal interest: Grier was unavailable as a witness because he would have invoked his privilege against self incrimination, the confession to the robbery was manifestly against his penal interest, the detailed information in the confession established firsthand knowledge of the crime and the requirement of "supporting circumstances independent of the statement" attesting to its "trustworthiness and reliability" was met by the fact that Grier was of the same height and complexion as the robber described by the complainants and had just been arrested for a similar crime (*People v Settles,* 46 NY2d 154, 167; see, also, *People v Maerling,* 46 NY2d 289, 298; *People v Brown,* 26 NY2d 88, 94; *People v Thomas,* 117 Misc 2d 1011).[*] While the confession did not exclude the possibility that Grier was the second robber who had not been apprehended, this would not be a basis for exclusion. A defendant is always entitled to show the *possibility* that a third party committed the crime with which he is charged (see *United States v Robinson,* 544 F2d 110, 112-113, cert den 434 US 1050; see, also, *United States v Armstrong,* 621 F2d 951, 953; *Holt v United States,* 342 F2d 163, 165-166). That other possibilities exist affects only the weight to be afforded such evidence, not its admissibility (*Matter of Abe A.,* 56 NY2d 288, 299; *People v Yazum,* 13 NY2d 302, 304-305). In sum, the court's rulings prevented the defendant from presenting relevant and material evidence to the jury for its

* The People's claim that a high barrier must be overcome before the "supporting circumstances" requirement can be satisfied is unpersuasive. While the motivation for that requirement appears to be a fear of perjured testimony, such a danger is present with all testimony and, as Professor Wigmore cogently observed, "any rule which hampers an honest man in exonerating himself is a bad rule, even if it also hampers a villain in falsely passing for an innocent" (5 Wigmore, Evidence [Chadbourn rev], § 1477, p 359; see, also, McCormick, Evidence [2d ed], § 278, p 674; dissenting opn of Holmes, J., in *Donnelly v United States,* 228 US 243, 277-278; *People v Edwards,* 396 Mich 551). Moreover, in criminal prosecutions, there are constitutional limitations on exclusion of evidence favorable to an accused (US Const, 6th, 14th Amdts; NY Const, art I, § 6; *Chambers v Mississippi,* 410 US 284; *Pettijohn v Hall,* 599 F2d 476, 480, cert den 444 US 946; *People v Simone,* 59 AD2d 918, 919-920). In any event, consideration of the four factors commonly employed for determining trustworthiness — " '(1) the time of the declaration and the party to whom the declaration was made. (2) the existence of corroborating evidence in the case. (3) the extent to which the declaration is really against the declarant's penal interest. (4) the unavailability of the declarant as a witness' " (*United States v Guillette,* 547 F2d 743, 754, cert den 434 US 839) — indicates that the threshold level was surpassed (see *United States v Thomas,* 571 F2d 285, 289; *United States v Benveniste,* 564 F2d 335, 339-342; *United States v Atkins,* 558 F2d 133, 135; *United States v Goodlow,* 500 F2d 954, 958; *State v Gold,* 180 Conn 619, cert den 449 US 920).

consideration. Accordingly the judgment appealed from should be reversed and a new trial should be ordered.

