**Richard WASHINGTON, Petitioner,**

v.

**Eugene S. LeFEVRE, Superintendent, Clinton Correctional Facility; Elizabeth Holtzman, District Attorney, Kings County; and Robert Abrams, Attorney General of the State of New York, Respondents.**

No. 85–CV–1940.

United States District Court, E.D. New York.

July 8, 1986.

Richard Washington, pro se.

**1176**

Elizabeth Holtzman, Dist. Atty., Kings County, Brooklyn, for respondents (Brian D. Foley, Asst. Dist. Atty., of counsel).

## DECISION AND ORDER

BRAMWELL, District Judge.

Petitioner Richard Washington requests habeas corpus relief pursuant to Title 28, United States Code, section 2254. Before the Court is petitioner's claim that he was denied due process when the state trial court allegedly refused to permit petitioner to introduce evidence of another individual's confession to the robbery for which petitioner was convicted.[1] For the reasons that follow, the Court is of the opinion that petitioner's claim is procedurally barred by *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), and that the petition must therefore be dismissed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 15, 1981, petitioner was convicted, after a jury trial in New York Supreme Court, Kings County, of four counts of robbery in the first degree (N.Y. Penal Law § 160.15), two counts of robbery in the second degree (N.Y. Penal Law § 160.-10), one count of criminal possession of a weapon in the second degree (N.Y. Penal Law § 265.03), and one count of grand larceny in the third degree (N.Y. Penal Law § 155.30). Because petitioner had a prior felony conviction, he was sentenced as a predicate violent felony offender to concurrent terms of imprisonment of nine to eighteen years on the first-degree robbery counts, six to twelve years on the second-degree robbery counts, four to eight years on the weapons-possession count, and two to four years on the grand larceny count. The conviction was affirmed by the Appellate Division, Second Department, on February 28, 1984, *People v. Washington*, 99 A.D.2d 848, 488 N.Y.S.2d 615 (2d Dep't 1984), and by New York's Court of Appeals on March 21, 1985, *People v. Washington*, 64 N.Y.2d 961, 477 N.E.2d 1098, 488 N.Y. S.2d 644 (1985) (mem.). The present petition was filed on May 24, 1985.[2]

## II. DISCUSSION

Petitioner argues that the state trial court violated his due process rights by refusing to allow him to introduce into evidence the confession of another individual, David Grier, who allegedly had admitted to committing the robbery for which petitioner was on trial. At trial, witnesses testified that the robbery was committed by two black men, one with dark complexion and the other with light complexion. Petitioner was identified as the robber with the darker complexion. However, the second robber apparently was never apprehended.

Immediately before trial, petitioner's counsel learned of Grier's alleged confession. During the trial, counsel indicated to the court petitioner's intention to offer the confession into evidence as a declaration against penal interest, and to display the dark-complexioned Grier to the jury to create the inference that petitioner had been wrongly identified as the robber with the dark complexion. After the trial court stated its initial inclination to exclude the evidence, the court granted petitioner's counsel a recess to view and speak with Grier. After the recess, counsel made no further applications concerning Grier, nor did counsel at any time thereafter offer Grier's confession into evidence.

Petitioner now argues, as he did in his state court appeals, that he was denied due process by the trial court's refusal to permit the evidence concerning Grier's alleged confession. However, New York's Court of Appeals expressly held that, as a

---

**1.** Originally, the petition included a claim of ineffective assistance of counsel in addition to the claim presently before the Court. However, in a DECISION AND ORDER dated January 28, 1986, the Court granted petitioner's request to withdraw the ineffective assistance of counsel claim, which had not been exhausted in state court, to avoid dismissal of the entire petition under *Rose v. Lundy*, 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982).

**2.** *See supra* note 1.

matter of state procedural law, petitioner had waived his objection by failing to comply with New York's contemporaneous objection rule, N.Y.Crim.Proc.Law § 470.-05(2). *See* 64 N.Y.2d at 962, 477 N.E.2d at 1098, 488 N.Y.S.2d at 644.[3] Thus, the present case falls squarely within the mandate of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), in which the Supreme Court held that failure to comply with a state's contemporaneous objection rule bars subsequent federal habeas corpus review unless the petitioner demonstrates both cause for the procedural default and actual prejudice attributable thereto. *Id.* at 87–91, 97 S.Ct. at 2506–09; *accord Engle v. Isaac*, 456 U.S. 107, 129, 102 S.Ct. 1558, 1572–73, 71 L.Ed.2d 783 (1982). Here, petitioner cannot satisfy either of these strict standards imposed by *Wainwright.*

In order to demonstrate cause for his procedural fault, petitioner would have to show "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *See Murray v. Carrier,* — U.S. —, —, 106 S.Ct. 2639, 2646, 91 L.Ed.2d 397 (1986). In *Carrier,* the Supreme Court reemphasized the principle that "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Id.* In a companion case, the Court similarly observed that "a deliberate, tactical decision not to pursue a particular claim is the very antithesis of the kind of circumstance that would warrant excusing a defendant's failure to adhere to a state's

legitimate rules for the fair and orderly disposition of its criminal cases." *Smith v. Murray,* — U.S. —, —, 106 S.Ct. 2661, 2666, 91 L.Ed.2d 434 (1986).

Under the facts and circumstances of the present case, the conclusion is inescapable that petitioner's counsel made a tactical decision not to offer the confession of Grier because, after viewing and speaking with Grier, counsel was convinced that the evidence would not help petitioner's case. Even stretching the imagination to its limits, the most that could be said is that counsel ignorantly or inadvertently "failed to [offer the evidence] despite recognizing it," *see Carrier, supra,* — U.S. at —, 106 S.Ct. at 2645. In either case, cause for the procedural default would not exist. *See Smith, supra,* — U.S. at —, 106 S.Ct. at —; *Carrier, supra,* — U.S. at —, 106 S.Ct. at —. "So long as a defendant is represented by counsel whose performance is not constitutionally ineffective ..., we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default." *Carrier, supra,* — U.S. at —, 106 S.Ct. at 2645–46; *accord Jackson v. Scully,* 781 F.2d 291, 297 (2d Cir.1986) (mere failure to object generally not sufficient for asserting "cause" under *Wainwright*); *Tsirizotakis v. LeFevre,* 736 F.2d 57, 62 (2d Cir.) (mere allegation of error by counsel insufficient to excuse a procedural default) (quoting *Indiviglio v. United States,* 612 F.2d 624, 631 (2d Cir.1979), *cert. denied,* 445 U.S. 933, 100 S.Ct. 1326, 63 L.Ed.2d 768, (1980)), *cert. denied,* — U.S. —, 105 S.Ct. 216, 83 L.Ed.2d 146 (1984).[4] Moreover, because the conclusion is ines-

---

**3.** Of course, petitioner may not challenge on habeas review the Court of Appeals' determination that petitioner failed to comply with New York's contemporaneous objection rule. That issue is one solely of state law, involving no questions of constitutional significance, and a federal court lacks authority to grant habeas relief on the basis of a perceived error of state law. *Cf. Pulley v. Harris,* 465 U.S. 37, 41, 104 S.Ct. 871, 875, 79 L.Ed.2d 29 (1984) (involving habeas corpus petition under 28 U.S.C. § 2241).

**4.** If the procedural default was the result of ineffective assistance of counsel, cause would

exist for the default. *See Murray v. Carrier,* — U.S. —, —, 106 S.Ct. 2678, —, 91 L.Ed.2d 397 (1986). However, in order to present an argument of ineffective assistance of counsel, petitioner would be required first to exhaust that claim in state court. *See id.* Such is the case "whether [the] ineffective assistance claim is asserted as cause for a procedural default or denominated as an independent ground for relief." *Id.* Petitioner has conceded that he has not yet presented an ineffective assistance of counsel claim to the state courts. *See supra* note 1. Thus, principles of comity would be ill-served if this Court were to entertain the

capable that counsel's failure to offer Grier's testimony was based on a tactical determination that the evidence would not have been helpful to petitioner, it is impossible to see how petitioner could have been prejudiced by the procedural default. For the same reason, it is impossible to find that the appearance or testimony of Grier would have established that petitioner was "actually innocent." *See Smith, supra* —— U.S. at ——, 106 S.Ct. at 2668; *Carrier, supra,* —— U.S. at ——, 106 S.Ct. at 2650.[5]

### III. CONCLUSION

For the foregoing reasons, petitioner's claim is barred from federal habeas review under *Wainwright v. Sykes, supra,* and subsequent cases. Accordingly, his petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 is DISMISSED.

IT IS

SO ORDERED.

claim here. *See Carrier, supra,* —— U.S. at ——, 106 S.Ct. at ——. However, petitioner should be warned that because of his decision to delete this unexhausted claim from his original petition, *see supra* note 1, he may have forfeited his right to present that claim in a subsequent federal habeas action. *See Rose v. Lundy,* 455 U.S. 509, 520–21, 102 S.Ct. 1198, 1204–05, 71 L.Ed.2d 379 (1982) (plurality opinion).

**5.** In both *Carrier,* and *Smith,* the Supreme Court indicated that "where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Carrier,* —— U.S. at ——, 106 S.Ct. at 2650; *Smith,* —— U.S. at ——, 106 S.Ct. at 2668. Based on the evidence in petitioner's case, however, including identifications by both victims of the robbery, the jury's finding of guilt was eminently proper.