■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLTON WALKER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered February 20, 1985, convicting him of murder in the second degree, robbery in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant's conviction arises out of his involvement in the shooting death and robbery of Alwuyo Akhionbare, a cab driver, on November 15, 1983, in his taxicab. On appeal, the defendant argues, inter alia, that the suppression court erred in denying his motion to suppress his postarrest statements made by him to the police because his arrest was not based upon probable cause. We disagree.

The testimony adduced at the hearing established that on several occasions following the homicide, the defendant spoke with Detective De Rosalia on the telephone and admitted that he was in the victim's cab on the night in question but that it was his wife who shot the victim. The defendant also dis-

claimed any knowledge that his wife intended to shoot the victim when the couple entered his cab. The defendant did admit, however, that after the shooting, he took a citizen's band radio out of the victim's cab. Each time the defendant spoke with the detective, he refused to disclose his whereabouts and he declined to come to the police precinct for questioning.

The police also interviewed Marcia Denton, an acquaintance of the defendant, who stated that the defendant and his wife had been in her apartment on the afternoon of November 15, 1983. The couple asked Denton for money but she did not have any. The defendant and his wife then decided to go to the defendant's uncle's residence in Queens. Before they departed, Denton observed that the defendant's wife had a gun which apparently did not operate properly. The defendant took the gun into the bathroom and repaired it. The defendant's wife then told Denton that they were going to "rob somebody" because they needed the money.

The defendant and his wife returned to Denton's apartment early the next morning and told Denton that they robbed a cab driver. The defendant's wife stated that she shot the cab driver and took $150 from his pocket. The defendant was in the possession of a citizen's band radio. Devika Ghanshian, who was also in Denton's apartment on the afternoon in question, told the police that she observed the defendant's wife with a gun and bullets. When the defendant and his wife returned to the apartment later that evening, Ghanshian overheard a conversation between the defendant and his wife regarding a shooting.

On January 27, 1984, Denton telephoned the police and informed them that the defendant was knocking on her apartment door. The police responded to the scene and, after patrolling the area, located the defendant in a car approximately one block from Denton's apartment. After a brief struggle with the police, the defendant was placed under arrest, handcuffed and transported to the police precinct.

Clearly, on the basis of these facts, the police possessed probable cause to arrest the defendant. During his telephone conversations with Detective De Rosalia, the defendant placed himself at the scene of the shooting and he admitted to being involved in the robbery. Moreover, both Denton and Ghanshian relayed to the police that the defendant and his wife had left Denton's apartment prior to the homicide with the intention to rob someone and that the defendant's wife, with the defendant's knowledge, was in the possession of a gun. Fi-

nally, both Denton and Ghanshian stated that when the couple returned to the apartment the next morning, there was a conversation regarding a shooting. According to Denton, the defendant's wife stated that they had shot a cab driver and taken his money. The defendant was also in possession of a citizen's band radio. The fact that at the suppression hearing Denton denied ever telling the police that she observed the defendant's wife with a gun or overheard any conversations regarding the robbery and shooting presented an issue of credibility for the hearing court to resolve, and its determination is to be accorded deference. Based on the record herein, we conclude that the hearing court's determination is not against the weight of the evidence and, accordingly, should not be disturbed (see, People v Prochilo, 41 NY2d 759; People v Gee, 104 AD2d 561; People v Armstead, 98 AD2d 726).

The defendant's argument that the trial court erred in admitting into evidence a portion of a taped telephone conversation between himself and Detective De Rosalia on December 19, 1983 is also without merit. The detective testified that he first spoke with the defendant on November 19, 1983, when the defendant called Denton's apartment while the detective was present. At that time, the caller identified himself as the defendant Carlton Walker. In his subsequent telephone conversations with the defendant, including the December 19, 1983 conversation, the detective recognized the caller's voice as the one he heard in Denton's apartment. Finally, the detective testified that when he spoke with the defendant at the precinct following the defendant's arrest, he recognized the defendant's voice as that of the person he spoke with on the telephone. It is also significant to note that the content of the telephone conversation in question tended to confirm the caller's identity since he made reference to facts which only the defendant would likely have knowledge. In view of this evidence, the trial court acted properly in admitting the tape in evidence (see, People v Lynes, 49 NY2d 286; People v Berkman, 124 AD2d 590, lv denied 69 NY2d 824).

We have reviewed the defendant's remaining contentions, including those contained in his supplemental pro se brief, and find them either to be unpreserved for appellate review or without merit. Mollen, P. J., Brown, Rubin and Kooper, JJ., concur.