ond degree.) Present—Boomer, J. P., Green, Pine, Lawton and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAWNELL WESTMORELAND, Appellant.—Judgment unanimously modified on the law and as modified affirmed, in accordance with the following memorandum: The People concede that the judgment must be modified by dismissing the assault count and vacating the sentence imposed thereon. It is an inclusory concurrent count of second degree robbery *(see,* CPL 300.40 [3] [b]). We have examined the other issues raised by defendant's appellate counsel and by defendant in his *pro se* brief and find none with merit. (Appeal from judgment of Monroe County Court, Wisner, J.—kidnapping, first degree.) Present—Boomer, J. P., Green, Pine, Lawton and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MACK, Appellant.—Judgment unanimously modified on the law and as modified affirmed and matter remitted to Erie County Court for further proceedings, in accordance with the following memorandum: The court erred in directing defendant to pay restitution without conducting a hearing to determine the correct amount. The sole basis for the court's restitution order was a statement in the presentence report. This statement does not form a sufficient basis upon which to order restitution *(see, People v Cheatum,* 148 AD2d 986, *lv denied* 74 NY2d 662; *People v Dixon,* 134 AD2d 877, 878; *People v Sommer,* 105 AD2d 1052). The order of restitution is therefore vacated and the matter is remitted to the sentencing court for a hearing on the proper amount of restitution. (Appeal from judgment of Erie County Court, D'Amico, J.—robbery, first degree.) Present—Boomer, J. P., Green, Pine, Lawton and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS BARBER, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant's objection to the exercise of peremptory challenges against two prospective black jurors was untimely because the objection was made after all of the jurors, including the alternates, were sworn *(see, People v Harris,* 151 AD2d 961). Moreover, defense counsel did not move for a mistrial or request any other relief but only "noted" his objection "for whatever purpose that might be used for at some point". Having failed to move for any relief, defense counsel has not preserved the issue for appellate review. Were we to reach the merits, we would affirm.

Under all of the circumstances, including the explanation

given by the prosecutor for the exercise of his peremptory challenges, defense counsel did not sustain his ultimate burden of proving purposeful discrimination *(see, Batson v Kentucky,* 476 US 79, 98). The prosecutor explained that he exercised his challenges against the two black persons because they were unmarried and one was a nonhomeowner. In this case, involving a crime against property, the prosecutor had a reason for attempting to select homeowners and others who might own substantial property. Although defense counsel noted that there were other nonhomeowners on the jury "panels", he did not show that nonhomeowners had been accepted as jurors. We have examined the defendant's other contentions and find that none requires reversal. (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—burglary, second degree.) Present—Boomer, J. P., Green, Pine, Lawton and Davis, JJ.