**Carlton WALKER, Petitioner,**

v.

**Daniel SENKOWSKI, Superintendent Clinton Correctional Facility; Robert Abrams, Attorney General, State of New York; Richard A. Brown, District Attorney, County of Queens, Respondents.**

**No. 89–CV–3118.**

United States District Court, E.D. New York.

Aug. 9, 1991.

Carlton Walker, pro se.

Richard A. Brown, Dist. Atty., Queens County, Kew Gardens, N.Y. (Gary Fidel, Asst. Dist. Atty., of counsel), for respondents.

## DECISION AND ORDER

BARTELS, District Judge.

In a Memorandum and Order dated August 8, 1990, the Court denied petitioner Carlton Walker's ("Walker") motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Walker now requests that the Court reconsider its decision and rule, as well, on an additional claim raised in an addendum filed on June 1, 1990.

■ In his addendum, Walker argues that the prosecutor and defense counsels' elimination of all prospective black jurors violated his constitutional rights as enunciated by the Supreme Court in *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) (Fourteenth Amendment), and the Second Circuit in *McCray v. Abrams*, 750 F.2d 1113 (2d Cir.1984) (Sixth Amendment), *vacated and remanded*, 478 U.S. 1001, 106 S.Ct. 3289, 92 L.Ed.2d 705 (1986).[1]

## BACKGROUND[2]

On January 30, 1985, Walker, a black man, was convicted in state court of felony murder, robbery in the first degree, and criminal possession of a weapon in the second degree. He was sentenced, on February 19, 1985, to 25 years to life on the murder conviction, 12½ to 25 years on the robbery conviction and 5 to 15 years on the weapons conviction.

Walker alleges that he was convicted by an all white jury. He further alleges that he made contemporaneous objections to the

prosecutor and defense counsels' use of preemptory challenges against prospective black jurors, however, there is no record of the *voir dire*.[3] The record before this Court belies the latter allegation.[4] The record reveals that during jury selection Walker *remarked to his attorney* that his Sixth Amendment rights were being violated because he was being tried before an all white jury. The record also reveals that Walker first made his objection to the prosecutor's use of preemptory challenges known to the court after the verdict was returned. It was at that point, in a long colloquy with the court, that Walker said "I never get a fair trial. They give me a trial with all white jury...."[5]

At the state court sentencing hearing, Walker told the court "[d]uring the jury selection I was incriminated [sic] because *I tell my counsel* that selecting only a white jury and taking a man to trial as a Black [sic] man violated my Sixth Amendment rights. Before and after the jury were [sic] selected, I told counsel that I did not have a citation but I would respectfully point out to him in the New York Law Journal, Wednesday, December 3, 1984, there is a case dealing with the same exact type of jury selection where the Appellate Division suppressed it and reversed the conviction (emphasis not in the original)."[6]

Walker appealed his conviction to the New York State Supreme Court, Appellate Division, Second Department ("Second Department"). In addition to the brief filed

---

1. Walker does not specifically allege that the prospective black jurors were eliminated by way of preemptory challenge, as opposed to cause. The Court assumes the former to be the case. Furthermore, in *Batson*, 476 U.S. at 89 n. 12, 106 S.Ct at 1712 n. 12, the Court explicitly stated that "[they] express no views on whether the Constitution imposes any limit on the exercise of preemptory challenges by defense counsel." Nor, did the Second Circuit address the issue of defense counsel's use of preemptory challenges in *McCray*. Accordingly, Walker's claim that his counsel's exercise of preemptory challenges to exclude prospective black jurors violated his constitutional rights is without merit.

2. The Court summarizes only those facts relevant to the claim raised in the addendum. Familiarity with the other facts is presumed.

3. Apparently, in state court, unless the defendant requests that jury *voir dire* be transcribed it is not done. Walker does not allege that he ever made such a request.

4. The Court can not determine from the record before it whether or not the jury was indeed composed of only white persons. However, for purposes of this opinion only, the Court assumes that was the case.

5. Trial transcript, January 30, 1985, at p. 389.

6. Transcript of Sentencing Hearing February 19, 1985, at p. 38–40.

by counsel, Walker filed a supplemental *pro se* brief in which he claimed, among other things,[7] that his conviction was obtained in violation of his Sixth Amendment rights because "the prosecutor and [defense counsel eliminated] all members of [his] race and selected only white jurors...."[8] Walker also argued that the prosecutor's use of preemptory challenges violated his rights under the Fourteenth Amendment. He wrote, quoting from *Batson*, " 'the State denies a black defendant equal protection of the laws when it puts him on trial before a jury from which members of his race have been excluded purposefully.' "[9]

Under New York law, Walker's counsel was required to make contemporaneous objections to the prosecutor's use of preemptory challenges. *People v. Barber*, 156 A.D.2d 1022, 549 N.Y.S.2d 313 (4th Dep't 1989), *appeal denied*, 75 N.Y.2d 866, 553 N.Y.S.2d 298, 552 N.E.2d 877 (1990) (defendant's objection, after jurors are sworn, to prosecutor's use of preemptory challenges was untimely). Inasmuch as Walker's counsel made no such objection, the state argued that Walker had failed to preserve the issue for appellate review. N.Y.Crim. Proc.Law § 470.05 (McKinney 1981).

In a written opinion, the Second Department rejected several of Walker's claims and concluded by stating that it had "reviewed the defendant's remaining contentions, including those contained in his supplemental *pro se* brief, and [found] them either to be unpreserved for appellate review or without merit." *People v. Walker*, 143 A.D.2d 784, 786, 533 N.Y.S.2d 484, 486 (2d Dept.1988). The Court of Appeals de-

nied Walker leave to appeal on March 10, 1989. 73 N.Y.2d 984, 540 N.Y.S.2d 1018, 538 N.E.2d 370 (1989).[10]

### DISCUSSION

In *Harris v. Reed*, 489 U.S. 255, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989), the Supreme Court held that the "plain statement" rule enunciated in *Michigan v. Long*, 463 U.S. 1032, 1042, and n. 7, 103 S.Ct. 3469, 3477 and n. 7, 77 L.Ed.2d 1201 (1983), applied in federal habeas cases. Thus, a procedural default will preclude consideration of a federal claim on habeas review if the last state court rendering a judgment in the case " 'clearly and expressly' " states that its judgment rests on a state procedural bar. *See id.*, (quoting *Caldwell v. Mississippi*, 472 U.S. 320, 327, 105 S.Ct. 2633, 2638, 86 L.Ed.2d 231 (1985)). Furthermore, in order to comply with the plain statement rule, it is sufficient for a state court to write in a one line *pro forma* order that " 'relief is denied for reasons of procedural default.' " *Harris*, 109 S.Ct. at 1044, n. 12.

█ Applying the aforementioned principles to the facts in this case, the Court concludes that the Second Department's statement, *supra*, is a clear expression that the last court to consider the issue, i.e. the prosecutor's use of preemptory challenges, did not consider the merits. Rather, Walker's procedural default provided the basis for their decision. The Court bases its conclusion on the fact that the sole ground argued by the state was Walker's procedural default. *See People v. Cassell*, 101 A.D.2d 1013, 476 N.Y.S.2d 678, 679 (4th Dep't 1984).[11]

---

7. In addition to the Batson claim, Walker argued (1) that the prosecutor's summation was prejudicial; (2) he was denied effective assistance of counsel; and (3) the prosecutor failed to correct false statements made by his witnesses.

8. Appellant's Brief at p. 49.

9. *Id.*

10. Thereafter, Walker filed two motions to vacate the judgment pursuant to section 440.10 of the Criminal Procedure Law. However, he did not raise the jury composition claim in either motion.

11. This case is distinguishable from *Rosenfeld v. Dunham*, 820 F.2d 52, 55 (2d Cir.), *cert. denied*, 484 U.S. 968, 108 S.Ct. 463, 98 L.Ed.2d 402 (1987), wherein the Court of Appeals held that the district court reviewing a habeas petition was not entitled to assume that the state court's decision rested on a procedural default where the state court declared "[w]e have considered the defendant's remaining contentions and find that they do not merit reversal." In the instant case, the state court differentiated between those claims that were procedurally barred and those claims that were without merit.

■ Alternatively, even if it were determined that the Second Department did not clearly and expressly indicate that its judgment rested on a procedural bar, the Court need not consider the merits of Walker's federal claim. Recently, the Supreme Court explicitly stated that the *Harris* presumption [12] is to be applied only where it " 'fairly appears' [that the relevant state court decision] rested primarily on federal law or was interwoven with such law." *Coleman v. Thompson*, —— U.S. ——, ——, 111 S.Ct. 2546, 2559, 115 L.Ed.2d 640 (1991); *Ylst v. Nunnemaker*, —— U.S. ——, ——, 111 S.Ct. 2590, 2593–95, 115 L.Ed.2d 706 (1991). Given the fact that the record reflects that Walker did not make a contemporaneous objection, and the state only argued Walker's procedural default, it is manifestly clear that the Second Department's decision did not rest primarily on federal law.

■ A procedural waiver under state law sufficient to prevent review of a defendant's substantive claim in the state courts constitutes an independent and adequate state ground that bars federal consideration of the substantive claim on habeas review. *Wainwright v. Sykes*, 433 U.S. 72, 81, 87, 97 S.Ct. 2497, 2503, 2506, 53 L.Ed.2d 594 (1979). "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, —— U.S. at ——, 111 S.Ct. at 2565; *Wainwright*, 433 U.S. at 89–91, 97 S.Ct. at 2507–09; *Engle v. Isaac*, 456 U.S. 107, 124–35, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *Teague v. Lane*, 489 U.S. 288, 298, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).

*Cause*

■ Cause for a procedural default must ordinarily turn on whether the petitioner can show that some objective factor external to the defense impeded counsel's efforts to comply with the procedural rule. *McCleskey v. Zant*, —— U.S. ——, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). For example, "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim in accordance with applicable state procedures." *Reed v. Ross*, 468 U.S. 1, 16, 104 S.Ct. 2901, 2910, 82 L.Ed.2d 1 (1984).

■ In 1983, a divided Supreme Court refused to consider "whether the Constitution prohibits the use of preemptory challenges to exclude members of a particular group from the jury, based on the prosecutor's assumption that they will be biased in favor of other members of the same group." *McCray v. New York*, 461 U.S. 961, 103 S.Ct. 2438, 77 L.Ed.2d 1322 (1983). However, in denying *certiorari*, the Court commented that "further consideration of the substantive and procedural ramifications of the problem by other courts will enable us to deal with the issue more wisely at a later date." *Id.*

Thereafter, in December 1983, a full year before Walker's trial commenced, this court held that the equal protection provisions of the Sixth and the Fourteenth Amendments prohibit prosecutors from exercising their preemptory challenges in a racially discriminatory fashion. *McCray v. Abrams*, 576 F.Supp. 1244 (E.D.N.Y.1983), *aff'd in part and vacated in part*, 750 F.2d 1113 (2d Cir.1984). In an opinion issued approximately six weeks before Walker's trial commenced, the Second Circuit held that the Sixth Amendment precluded prosecutors from exercising their preemptory challenges solely on the basis of racial affiliation. *McCray*, 750 F.2d at 1131.

The fact that the issue had been raised by other defendants and was, at the relevant time, under consideration by numer-

---

**12.** The presumption being, that when a federal claim is denied without explicit reliance on state grounds, the merits of the federal claim formed the basis of the judgment. Thus, the court reviewing the habeas petition may reach the merits of the federal claim.

ous courts undermines the conclusion that Walker's Sixth Amendment or Fourteenth Amendment claims were so novel that their legal basis' were not reasonably available to counsel. *Roman v. Abrams,* 822 F.2d 214, 223 (2d Cir.1987), *cert. denied,* 489 U.S. 1052, 109 S.Ct 1311, 103 L.Ed.2d 580 (1989); *Pitts v. Cook,* 923 F.2d 1568, 1570–72 (11th Cir.1991) and *Jones v. Butler,* 864 F.2d 348 (5th Cir.1988); *but see Pitts,* 923 F.2d at 1574–1575 (Tuttle, J., dissenting) (quoting *Allen v. Hardy,* 478 U.S. 255, 257, 106 S.Ct. 2878, 2880, 92 L.Ed.2d 199 (1986)) (since *Batson* was "an explicit and substantial break with prior precedent", there was adequate basis to believe it was indeed a novel claim).

 Furthermore, the record reflects that Walker alerted his attorney that the prosecutor's use of preemptory challenges might constitute a violation of his constitutional rights. "[T]he mere fact that counsel ... failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Carrier,* 477 U.S. at 486, 106 S.Ct. at 2644.[13] Accordingly, Walker has failed to satisfy the cause prong of the *Wainwright* test.

### *Fundamental Miscarriage of Justice*

 Although a habeas petitioner may fail to satisfy the cause and prejudice standards set forth in *Wainwright* a miscarriage of justice may nonetheless result. *See Murray,* 477 U.S. at 495–96, 106 S.Ct. at 2649. "[I]n [the] extraordinary case where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Id.* The facts and circumstances of the instant case, however, do not even remotely suggest that Walker is actually innocent and, therefore, wrongfully imprisoned. The Court bases its conclusion on,

among other things, the overwhelming nature of the evidence against Walker, i.e., a tape recording on which Walker incriminates himself, the victim's belongings found in Walker's possession, and Walker's lack of an affirmative defense.

The Court hereby reconsiders its decision of August 8, 1990, and affirms.

### CONCLUSION

For the reasons stated above, Walker's petition for habeas corpus pursuant to 28 U.S.C. § 2254 is hereby DENIED.

SO ORDERED.

---

**13.** " 'So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland v. Washington,* [466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ], [there] is no inequity in requiring him to bear the risk of attorney error that results in a procedural de-

fault.' " *Murray,* 477 U.S. at 488, 106 S.Ct. at 2645–2646; *Washington v. LeFevre,* 637 F.Supp. 1175, 1177 (E.D.N.Y.1986) (attorney failed to comply with state's contemporaneous objection rule). In its August 1990, opinion, this Court held that Walker was not denied effective assistance of counsel at his trial.