■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR C. COLEMAN, Appellant. [680 NYS2d 758] —Mercure, J. Appeal from a judgment of the County Court of Schoharie County (Bartlett, III, J.), rendered November 13, 1996, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (three counts) and criminal possession of a controlled substance in the third degree (three counts).

On the basis of the People's direct evidence that defendant made sales of cocaine to undercover police officers on three separate occasions during September 1995, a jury found defendant guilty of three counts of criminal sale of a controlled substance

in the third degree and three counts of criminal possession of a controlled substance in the third degree. On this appeal from the ensuing judgment of conviction, defendant's assertions of error relate to County Court's refusal to permit defendant to examine a witness to two of the drug transactions as a hostile witness, to identify that witness as a confidential informant or to question him concerning his criminal record or otherwise impeach his credibility. Because we conclude that defendant's contentions are lacking in merit, we affirm.

Defendant has pointed to no persuasive authority for the implicit premise that a defendant is entitled to ask leading questions of and impeach a confidential informant called as a witness for the defense simply because the witness's testimony does not further the defense theory of the case. Unlike the situation in *People v Simone* (59 AD2d 918), the status of the present witness as a confidential informant was known by defendant and made apparent to the jury (*cf., People v Goggins*, 34 NY2d 163, *cert denied* 419 US 1012), and his testimony was by no means evasive, obstructionist or openly hostile (*cf., People v Simone, supra; People v Clark*, 181 AD2d 1028, *lv denied* 80 NY2d 895; *People v Marshall*, 144 AD2d 1005, *lv denied* 73 NY2d 893). Further, defendant's identity was not at issue (*see, People v Goggins, supra*, at 172), it appears that the confidential informant took no active part in the subject drug transactions, but merely brought the parties together and thereafter served as an observer, and defendant presented no specific evidence in support of a plausible theory of innocence upon which the witness could have given relevant testimony (*see, People v Simone, supra*, at 919).

Cardona, P. J., White, Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed.