■ In the Matter of GREGORY CURTO, Appellant, v PETER COSGROVE, Respondent. [681 NYS2d 584] —Proceeding pursuant to CPLR article 78 to review an undated determination of the respondent Police Commissioner of the Suffolk County Police Department, served upon the petitioner on August 19, 1996,

which, after a hearing, terminated the petitioner's employment on the grounds of conduct unbecoming an officer and sexual harassment.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

Judicial review of an administrative determination is limited to consideration of whether the determination is supported by substantial evidence on the record as a whole (*People ex rel. Vega v Smith,* 66 NY2d 130; *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176). It is likewise well established that it is the function of the administrative agency, not the reviewing court, to weigh the evidence or assess the credibility of the witnesses (*see, Matter of Silberfarb v Board of Coop. Educ. Servs.,* 60 NY2d 979).

There was substantial evidence in the record consisting of hearing testimony, the petitioner's and complainant's interviews with the Internal Affairs Bureau, and transcripts of tape-recorded telephone conversation between the petitioner and the complainant to support the determination that the petitioner sexually harassed the complainant and conducted himself in a manner which was unbecoming an officer.

The petitioner contends that he was charged with violating specific rules and procedures of the respondent's General Order 95-1 that were not in effect at the time he was alleged to have committed the charged conduct. However, contrary to the petitioner's argument, much of the conduct falling under the ambit of sexual harassment as defined in General Order 95-1 occurred after January 9, 1995, the date on which that General Order became effective.

In view of the general relaxation of evidentiary rules in administrative hearings, coupled with proof of the identity of the parties to the tape-recorded conversations, and testimony as to the substance of the missing portions of these conversations, the recorded conversations were properly admitted into evidence (*see,* Fisch, New York Evidence § 17 [2d]; *People v Walker,* 143 AD2d 784; *Matter of Hynes v Axelrod,* 116 AD2d 830). Moreover, the hearsay testimony was properly admitted into evidence, as hearsay is admissible in an administrative hearing and, if sufficiently relevant and probative, may constitute substantial evidence (*see, Matter of Bryant v Coughlin,* 77 NY2d 642; *Matter of Gray v Adduci,* 73 NY2d 741; *Matter of Hutchinson v Coughlin,* 220 AD2d 419).

The petitioner's remaining contentions are without merit. Miller, J. P., Ritter, Copertino and Altman, JJ., concur.