■ In the Matter of MICHAEL BULGER, Appellant, v HOWARD SAFIR, as Police Commissioner of the City of New York, et al., Respondents. [751 NYS2d 782] —Proceeding pursuant to CPLR article 78 to review a determination of the Police Commissioner of the City of New York, dated April 11, 2000, which, after a hearing, terminated the petitioner's employment with the Police Department of the City of New York.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

The determination of the Police Commissioner of the City of New York (hereinafter the Commissioner) that the petitioner was guilty of the two charges at issue was supported by substantial evidence (*see* CPLR 7803 [4]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 181). It is well settled that hearsay evidence can form the basis of an administrative determination (*see Matter of Gray v Adduci,* 73 NY2d 741, 742; *Matter of Curto v Cosgrove,* 256 AD2d 407, 408; *Matter of Roldan v Bratton,* 203 AD2d 368).

"In matters of police discipline, we must accord great leeway to the Commissioner's determinations concerning appropriate punishment, because he, and not the courts, is accountable to the public for the integrity of the Department" (*Matter of Berenhaus v Ward,* 70 NY2d 436, 445; *see Matter of Kelly v Safir,* 96 NY2d 32, 38). Under these circumstances, we cannot say that the penalty of dismissal is "so disproportionate to the offense as to be shocking to one's sense of fairness" (*Trotta v Ward,* 77 NY2d 827, 828; *see Matter of Alfieri v Murphy,* 38 NY2d 976, 977; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 237). S. Miller, J.P., Friedmann, Crane and Rivera, JJ., concur.