Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered July 6, 2009, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
In the early morning hours of May 12, 2007, a man was fatally stabbed after he became embroiled in a physical altercation with another individual on a public sidewalk in Brooklyn. The defendant became a suspect after an eyewitness identified him as the perpetrator. At trial, the defendant claimed that he had been misidentified because, in fact, his identical twin brother was the perpetrator, not him. On appeal, the defendant challenges the weight of the evidence supporting his identifica *902 tion. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the factfinder’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]). Among other things, there was testimony from an eyewitness who knew the defendant and his identical twin brother from the neighborhood, and saw the defendant almost every day. She was present during the altercation between the defendant and the victim, and she even tried to break up the fight. This eyewitness testified that the defendant, not his twin brother, fought with the victim. She explained that she could tell the twins apart because they had different facial structures. Contrary to the defendant’s contention, her testimony was not incredible or unreliable.
The defendant also argues that the trial court erred when it precluded him from introducing a detective’s testimony that his twin brother was being investigated for stabbing a coworker in the back. As a general matter, a defendant is entitled to “show the possibility that a third party committed the crime with which he is charged” (People v Washington, 99 AD2d 848, 849 [1984], affd 64 NY2d 961 [1985]; see also Chambers v Mississippi, 410 US 284 [1973]), through the admission of relevant and otherwise admissible evidence {see People v Primo, 96 NY2d 351 [2001]). However, “[a] court may, in its discretion, exclude relevant evidence if its probative value is outweighed by the prospect of trial delay, undue prejudice to the opposing party, confusing the issues or misleading the jury” {id. at 355). Further, as pertinent to this case, “[t]he admission of evidence of third-party culpability may not rest on mere suspicion or surmise” {id. at 357; see People v Schulz, 4 NY3d 521, 528 [2005]). Here, contrary to the defendant’s contention, the trial court providently exercised its discretion in precluding the defense from calling the detective to testify because the proffered testimony was not sufficiently probative to outweigh the countervailing risks of trial delay, undue prejudice, confusing the issues, or misleading the jury. The mere fact that the defendant’s brother had been investigated for stabbing a coworker did not significantly increase the chance that he committed the instant crime (cf. People v Washington, 99 AD2d 848 [1984]). Further, there was no showing that the stabbing incidents were sufficiently similar to support the inference that the de *903 fendant’s twin brother, rather than the defendant himself, may have committed the instant crime.
The defendant’s challenge to the propriety of the trial court’s supplemental jury charge is unpreserved for appellate review (see CPL 470.05 [2]) and, in any event, without merit.
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Mastro, J.P., Leventhal, Miller and Maltese, JJ., concur.