■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS SMITH, Appellant. [6 NYS3d 496]—

Appeal by the defendant from a resentence of the Supreme Court, Kings County (Firetog, J.), imposed August 3, 2012, upon his conviction of burglary in the first degree, upon a jury verdict.

Ordered that the resentence is affirmed.

On a previous appeal in this matter, this Court remitted the matter to the Supreme Court, Kings County, for a determination of the defendant's status as a persistent violent felony offender and for resentencing thereafter (see *People v Smith*, 89 AD3d 963 [2011]). After conducting a hearing, the Supreme Court determined that the defendant had not established that his conviction on indictment No. 13791/91 was unconstitutionally obtained (see CPL 400.15 [7] [b]; 400.16 [2]; *People v Konstantinides*, 14 NY3d 1, 14-15 [2009]; *People v Diggins*, 11 NY3d 518, 524 [2008]). The defendant's claim with respect to the constitutional validity of his plea of guilty on that indictment required consideration of testimony as to what had oc-

curred off the record at the time of the plea proceeding. The Supreme Court's ultimate determination rested in large part on its assessment of the witness's credibility. We accord great deference to the court's opportunity to view the witness, hear the testimony, and observe demeanor (*cf. People v Willock*, 125 AD3d 901, 902 [2015]). On the record before us, and in light of all the circumstances of this case, we agree with the Supreme Court that the defendant did not meet his burden of establishing that his conviction on indictment No. 13791/91 was unconstitutionally obtained.

The defendant's remaining contentions are without merit. Mastro, J.P., Balkin, Sgroi and Miller, JJ., concur.